**UNITED STATES of America, Appellee,**

v.

**Garry D. KERN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Troy P. REEVES, Appellant.**

**Nos. 93–1524, 93–1566.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1993.

Decided Dec. 17, 1993.

Mark W. Bubak, Omaha, NE, argued, for appellants.

Michael P. Norris, Asst. U.S. Atty., Omaha, NE, argued, for appellee.

Before McMILLIAN, BOWMAN, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Troy B. Reeves (Reeves) and Garry D. Kern (Kern) appeal the judgment entered by the district court[1] following a jury's finding of guilt on three bank-robbery-related counts. Specifically, Reeves and Kern (the defendants) contend the trial court erred when it admitted evidence of another subsequent robbery, when it refused to grant a new trial after the discovery of new evidence, and when it found as a matter of law that conspiracy to commit bank robbery is a crime of violence. For the reasons addressed below, we affirm the judgment of the district court.

## I. BACKGROUND

On June 12, 1992, an Omaha branch office of the First Federal Savings and Loan Association of Lincoln (First Federal) was robbed of approximately $12,700 by two stocking-masked males who differed significantly in height and weight. The smaller robber entered the bank first and the larger robber followed carrying a black short-barreled shotgun. The robbers left the bank and entered a recently-stolen white Buick driven by a third male. Immediately after the robbery, a stocking mask with a few human hairs was found outside the bank.

Kern's girlfriend at the time, Andrea Fraire (Fraire), testified at trial that Kern

1. The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska.

had related a plan to her to rob a jewelry store and bank in Omaha. According to Fraire, the planned robberies were to take place on June 12, 1992, and involved the use of stolen getaway cars. Fraire further testified that on the evening of June 12, 1992, Kern arrived home with $4000 to $4500 in cash.

Jack Parrott, a security guard for the shopping center in which the bank was located, testified at trial that he observed a rusted gold Oldsmobile Cutlass (Cutlass) occupied by four males in the shopping center parking lot on June 11, 1992. The next day, June 12, the same car was observed again by Parrott, again occupied by four males. Later that same morning, Parrott observed the Cutlass in a church parking lot parked beside a white Buick. The white Buick was now occupied by three of the males and the Cutlass held the fourth individual. After observing the Buick for a short time, Parrott noticed a shotgun being passed to a backseat passenger. Parrott subsequently identified Reeves from a photograph array as the frontseat passenger. Although Parrott was unable to identify Kern from a police lineup, he did identify Kern at trial as the backseat passenger.

The bank employees were unable to identify Reeves or Kern from lineups or at trial. Reeves and Kern both had alibi witnesses testify that they were elsewhere at the time of the robbery. The human hairs in the mask, however, were identified by an FBI hair and fiber expert as matching samples taken from Kern.

At trial, testimony was introduced by the government regarding the defendants' alleged participation in a hotel robbery that occurred seventeen days after the bank robbery. Kern was charged in state court with commission of this robbery. The testimony was prefaced by a limiting instruction prohibiting the jury from using this testimony to establish "bad" character and, accordingly, conformity with that character. The testimony was then introduced pursuant to Federal

Rule of Evidence 404(b). The hotel robbery victim, Ashford, testified he was robbed by three armed masked males, and he identified both Reeves and Kern as two of the individuals who robbed him.

Following a jury trial, the defendants were convicted of all three counts against them. Count I charged the defendants with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. Count II charged them with the June 12, 1992 bank robbery of First Federal in violation of 18 U.S.C. § 2113(a), (d). Count III charged Reeves with carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and Kern was charged as Reeves' co-conspirator on that count.

After the jury convicted Reeves and Kern for the First Federal robbery, the government received from the Omaha police a supplementary report related to the hotel robbery. An individual named Stacey Lue (Lue) confessed to participating with two accomplices in the hotel robbery. Lue was specifically asked if Reeves and Kern were his accomplices, but he denied any participation on their part. Lue, however, refused to name his two accomplices. Upon receipt, the government immediately disclosed this information to the defendants' attorneys. Following the disclosure of the Lue confession, Reeves and Kern moved for a new trial. In state court, Kern pleaded nolo contendere to the hotel robbery charge and was convicted.

## II. DISCUSSION

The defendants contend that three errors of the trial court mandate reversal and a new trial: admission of Ashford's testimony, *Brady*[2] evidence and/or newly discovered evidence, and the district court's finding as a matter of law that conspiracy to commit bank robbery is a crime of violence as defined by 18 U.S.C. § 16. We find that the district court committed no reversible error, and we affirm the court's judgment.

### A. The Hotel Robbery Evidence

The defendants object to the admission into evidence of Ashford's testimony regard-

ing the hotel robbery because they claim the government gave insufficient notice that it planned on using this evidence and it was not properly admissible under Federal Rule of Evidence 404(b) (Rule 404(b)). The district court, however, has broad discretion to admit such evidence and its decision will not be overturned unless it is clear that the evidence has no bearing on the case. *United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir.1992).

▮ The government gave the defendants adequate notice that it planned on using Rule 404(b) evidence. The rule states the prosecution must "provide reasonable notice in advance of trial, or during trial ... on good cause shown, of the general nature of any such evidence." Fed.R.Evid. 404(b). The magistrate judge specifically ordered that any "bad act" evidence be disclosed at least fourteen days prior to trial. The government complied by informing the defendants in a hearing before the magistrate judge that the government might use evidence from some local robberies. *See* Tr. at 335. At that time, the government did not yet have the state reports concerning these robberies. Approximately one week before trial, when the government obtained the reports, the defendants were likewise provided with these reports. *Id.* We find that the government's notice satisfies the requirements of Rule 404(b); the district court did not abuse its discretion in finding that this notice was reasonable.

Rule 404(b) prohibits the admission of "other crimes, wrongs, or acts" to prove the character of a person, and hence, conformity with that character; that is, it prohibits propensity evidence. *See id.* The rule, nonetheless, specifically recognizes that evidence of "other crimes, wrongs, or acts" could be admissible for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *Id.*

To properly admit Rule 404(b) evidence for purposes other than to prove propensity, it must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close

2. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194,      10 L.Ed.2d 215 (1963).

in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value. *Sykes*, 977 F.2d at 1246; *United States v. Johnson*, 934 F.2d 936, 939 (8th Cir.1991). The district court warned the jury in an instruction prior to Ashford's testimony that "the mere fact that these defendants may have committed a similar act in the past is not evidence that they committed the acts charged in this case." Tr. at 365. The district court repeated essentially the same warning in Jury Instruction No. 10. The permissible purposes enumerated by the district court for which this testimony could be considered included proof of identity, knowledge, plan, motive, and intent to conspire.

■ We find that the hotel robbery evidence was properly admitted to prove that Reeves and Kern intended to enter into an agreement or understanding to commit robbery and that they understood the purpose of this agreement.[3] The court instructed the jury that in order to find the defendants guilty of conspiracy to commit bank robbery, it had to find four elements: (1) two or more persons reached an agreement to commit the crime, (2) the defendant voluntarily and *intentionally* joined in the agreement, (3) at the time the defendant joined in the agreement, he knew the purpose of the agreement, and (4) that while the agreement was in effect, one or more of the persons who had joined in the agreement did an overt act in order to carry out the agreement. Thus, the hotel robbery evidence was relevant to a material fact: intent to conspire. *See Cheek v. United States*, 858 F.2d 1330, 1336–37 (8th Cir.1988); *United States v. Scholle*, 553 F.2d 1109, 1121 (8th Cir.), *cert. denied*, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977); *United States v. Carlson*, 547 F.2d 1346, 1354

& n. 5 (8th Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977).

As required by *Sykes* and *Johnson*, the hotel robbery evidence was similar in kind and close in time to the crime charged. The hotel robbery occurred only seventeen days after the bank robbery. Both robberies were committed by three stocking-masked males. In both robberies, the larger male carried a black short-barreled shotgun. Moreover, the smaller masked robber in both robberies vaulted over a relatively high obstacle: the teller's counter in the bank robbery and the desk in the hotel robbery.

Ashford's testimony regarding the hotel robbery was sufficient for a jury to have found that Reeves and Kern committed the hotel robbery. Ashford not only made a positive identification of the defendants at trial, but he also identified Reeves from an array of photographs soon after the hotel robbery.

Moreover, the court's limiting instruction to the jury was sufficient to prevent undue prejudice from the admission of this evidence. Therefore, because the hotel robbery evidence was admissible to prove that the defendants intended to enter into a conspiracy to rob, we find that the district court did not abuse its discretion when it allowed Ashford to testify.

### B. The Supplementary Omaha Police Division Report

■ After the defendants received the Omaha police division supplementary report (the report) indicating that Lue had confessed to the hotel robbery and refused to name his accomplices, the defendants moved for a new trial. Reeves and Kern claim that the report "exonerated" them and hence a new trial should have been granted pursuant to Federal Rule of Criminal Procedure 33 (Rule 33). Furthermore, they claim that *Brady* mandates a new trial because the knowledge

---

**3.** We do not decide whether the hotel robbery evidence could otherwise have been admissible as evidence of identity, plan, or motive, because we find the district court did not abuse its discretion in allowing its admission into evidence and the limiting instruction properly warned the jury not to impermissibly use this evidence as proof of propensity. However, we do not countenance the district court's use of this virtual laundry list of permissible Rule 404(b) purposes. *See United States v. Mothershed*, 859 F.2d 585, 589 (8th Cir.1988). Such an action, nevertheless, in itself is not a basis for reversal. *See id.*

of the Omaha police regarding this report should be imputed to the federal prosecutor. We do not agree that the new evidence exonerated the defendants or that the prosecutor withheld evidence from the defendants.

Rule 33 allows a court to grant a motion for a new trial on the basis of newly discovered evidence if the evidence is, in fact, discovered since trial; the court may infer the movant has been diligent; the evidence is not merely cumulative or impeaching; the evidence is material; and the newly discovered evidence would probably produce an acquittal. *United States v. Gustafson*, 728 F.2d 1078, 1084 (8th Cir.), *cert. denied*, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984); *see also United States v. Wang*, 964 F.2d 811, 813 (8th Cir.1992) (new trial may be granted if the defendant's substantial rights are affected). The defendants' argument fails because the report did not exonerate them; that is, it would not have been likely to have produced an acquittal. As stated by the district court, the report[4] would merely have "given the jury some additional information to evaluate in determining whether or not Mr. Ashford had indeed properly identified the two defendants as being participants." Tr. at 766. Had this evidence been presented to the jury, the jury could reasonably have believed that Reeves and Kern were Lue's accomplices and that Lue was merely protecting them by denying their participation in the hotel robbery. The jury could also have inferred that Ashford improperly identified Reeves and Kern as participants in the hotel robbery. The district court, however, found that this latter possibility did not warrant a new trial. Particularly in light of the amount of evidence presented to the jury on the issue of the defendants' guilt, the district court did not abuse its discretion by denying the defendants' motion for a new trial. *See Gustafson*, 728 F.2d at 1084.

■ Nor does *Brady* mandate a new trial in this case. *See Brady*, 373 U.S. at 87–88, 83 S.Ct. at 1196–97. A defendant's due process rights are violated under *Brady* if a prosecutor "withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty." *Id.* In order to establish such a claim, the prosecutor must have suppressed or withheld evidence that was both favorable and material to the defense. *Moore v. Illinois*, 408 U.S. 786, 794, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972). Nothing in this record indicates that this prosecutor withheld evidence from the defendants. Here, the prosecutor simply did not have the report until the trial was over. Such a case is fundamentally different than when information is in the prosecutor's files. *See State v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). We do not accept the defendants' proposal that we impute the knowledge of the State of Nebraska to a federal prosecutor. *See United States v. Walker*, 720 F.2d 1527, 1535 (11th Cir.1983) (refusing to impute the knowledge of state officials to a federal prosecutor), *cert. denied*, 465 U.S. 1108, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984). Consequently, we hold that the district court did not abuse its discretion when it refused to grant a new trial.

Finally, we find wholly without merit Kern's contention that conspiracy to commit bank robbery is not a crime of violence as defined by 18 U.S.C. § 16, and we reaffirm our previous holding to that effect. *See United States v. Johnson*, 962 F.2d 1308, 1311 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 358, 121 L.Ed.2d 271 (1992), *and cert. denied*, —— U.S. ——, 113 S.Ct. 1418, 122 L.Ed.2d 788 (1993).

### III. CONCLUSION

Accordingly, we find that the district court did not abuse its discretion when it admitted the hotel robbery evidence and denied the defendants' motion for a new trial. Moreover, the district court properly found that conspiracy to commit bank robbery is a

---

**4.** The report states, in relevant part:
[Lue] had committed that robbery with two other individuals. Previously arrested in connection with this robbery was a Garry KERN, and a Troy REEVES had also been identified as a suspect in this robbery also. I, Officer MAHONEY, asked Stacy LUE if these other two suspects were with him when this robbery occurred, and LUE stated that they were not; however, he would not name the other two suspects out of fear.

crime of violence. Therefore, we affirm the judgment of the district court.