_____

No. 96-1070EM
_____

United States of America,      *
                               *
          Appellee,            *
                               *  On Appeal from the United
     v.                        *  States District Court
                               *  for the Eastern District
                               *  of Missouri.
Daryl Bernard Haire,           *
                               *
          Appellant.           *


_____

Submitted:  November 19, 1996

Filed:  December 31, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and
     LONGSTAFF,[*] District Judge.
_____

RICHARD S. ARNOLD, Chief Judge.


     Daryl Bernard Haire appeals his convictions of three counts of
distribution of cocaine and of cocaine base.  He was convicted by
a jury and sentenced by the District Court[1] to 51 months in prison.
We affirm.

_____

     *The Hon. Ronald E. Longstaff, United States District Judge
for the Southern District of Iowa, sitting by designation.

     [1]The Hon. Charles A. Shaw, United States District Judge for
the Eastern District of Missouri.

While employed as a temporary employee of the U.S. Postal Service, Daryl Bernard Haire repeatedly discussed cocaine, and selling cocaine, with a fellow employee named Sydney Keyes. Keyes also happened to be a confidential informant assigned by the U.S. Postal Inspection Service to investigate possible drug use or distribution by postal employees. During their conversations, Haire gave Keyes quantity and price information for obtaining and reselling cocaine, and the two eventually agreed to go together to buy some cocaine. When they went to buy the cocaine, Haire dissuaded Keyes from making the purchase, because at the price they were quoted they would not make a profit reselling it. Haire told Keyes he wished someone had helped him in a similar way when he began selling drugs, because in his inexperience he had lost money.

A few weeks later, Haire contacted Keyes and offered to sell him some crack cocaine. Keyes agreed, and bought 25.34 grams of crack from Haire with $1,060 provided by the postal inspectors. Later, Haire made another phone call offering to sell Keyes cocaine. Keyes arranged for his "girlfriend" (in reality a postal inspector) to buy a similar amount of crack from Haire. The postal inspector made three separate purchases from Haire.

II.

Haire appeals his convictions on two grounds. First, he challenges the trial court's refusal to allow him to inspect the grand jury transcripts. Second, he argues there was insufficient evidence for the jury to convict him in light of his asserted entrapment defense.

Disclosure of matters occurring before a grand jury is generally prohibited by Rule 6 of the Federal Rules of Criminal Procedure. Exceptions to the rule of nondisclosure will be made

only where there is a "particularized need."  See <u>United States v. Procter & Gamble</u>, 356 U.S. 677 (1958).  In his motion to the District Court, Haire stated that his "particularized need" was to discover the substance of any oral, unrecorded statements of informants and potential witnesses who could testify against him at trial.[2]  Brief of Appellee 9.  Haire received transcripts of the grand jury testimony of all witnesses who testified at trial.  He was also afforded the opportunity to cross-examine those witnesses. He showed no particularized need for disclosure of grand jury proceedings beyond that which he received.

Haire also argues he had "no identifiable predisposition" to sell drugs, and did so only because he was entrapped by the government.  Brief of Appellant 5.  Prior distribution of illegal drugs, even as a gift, constitutes predisposition.  See <u>Moeller v. South Dakota</u>, 838 F.2d 309, 310 (8th Cir. 1988) (holding that defendant's having previously given an agent illegal drugs showed predisposition to distribute cocaine).

In the instant case, evidence of Haire's predisposition is strong.  In the conversations between Haire and Keyes, Haire recounted his past history of dealing drugs.  At one point he dissuaded Keyes from making a cocaine purchase because, based on his dealing experience, he knew it would not be profitable.  He said that he wished someone had helped him in a similar way when he first got into the business.  He advised Keyes that by "cooking [the cocaine] up," he could stretch his supply and make more profit.  The facts show that the government did not cause Haire to commit a crime he "was not otherwise predisposed--<u>i.e.</u>, willing and ready" to commit.  <u>United States v. Lard</u>, 734 F.2d 1290, 1293 (8th Cir. 1984).  His defense of entrapment was not so strong (to say

---

[2]Haire asserts other justifications for disclosure in his brief to us, but we evaluate the District Judge's ruling only on the basis of the information he had before him.

-3-

the least) as to entitle him to a judgment as a matter of law.

III.

The District Court did not err in denying Haire's motion for disclosure of grand jury transcripts.  A reasonable jury could find, as this jury did, that the defendant was not entrapped.  We therefore

Affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.