**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1963

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ward Lewis Tomberlin, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 1997
Filed: December 12, 1997

_____

Before BOWMAN, LAY, and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Ward Lewis Tomberlin appeals his drug conviction, arguing that the District Court[1] erred by admitting evidence of his prior arrests. We find no error and therefore affirm the conviction.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

I.

Pursuant to a valid warrant, police officers searched the home of David Hogan. Tomberlin, the appellant in this case, was staying at Hogan's house and was present during the search. Officers searched the first floor bedroom, which Tomberlin occupied, and found a number of items associated with the use and distribution of drugs. These items included marijuana, seventy-three grams of methamphetamine, inositol (a cutting agent), playing cards (used to cut the methamphetamine), plastic baggies, a Tanita electronic scale, and a blue Texas Instruments calculator.

Federal prosecutors charged Tomberlin with possession with intent to distribute methamphetamine in violation of § 21 U.S.C. 841(a)(1) (1994). For this offense, the government had to establish that Tomberlin was in possession of the methamphetamine, Tomberlin knew he was in possession of the methamphetamine, and Tomberlin intended to distribute some or all of the methamphetamine. Further, because the government's theory of the case was that Tomberlin constructively possessed the drug items in question, to establish the element of possession the government was required to prove that Tomberlin intended to exercise dominion over the methamphetamine, Tomberlin had the power to exercise dominion over the methamphetamine, and Tomberlin knew he had the power to exercise dominion over the methamphetamine. See United States v. Thomas, 58 F.3d 1318, 1322-23 (8th Cir. 1995) (citing United States v. Henneberry, 719 F.2d 941, 945 (8th Cir. 1983), cert. denied, 465 U.S. 1107 (1984)).

The key issue at trial was whether Tomberlin knew that the drugs recovered from his room were there, or whether, as the defense contended, they had been placed there without his knowledge. The government introduced evidence of Tomberlin's prior arrests, all of which had resulted in convictions, under Federal Rule of Evidence 404(b) to show both his knowledge of possession and his intent to possess the drugs. The government's evidence included: 1) a 1989 conviction where Tomberlin attempted to

flush narcotics down the toilet; 2) a 1993 conviction where Tomberlin fled from a car containing marijuana; 3) a 1993 conviction where Tomberlin attempted to dispose of crack cocaine from his pocket just before being apprehended; 4) a 1994 conviction where Tomberlin escaped out of a back window, leaving behind plastic bags of drugs; 5) a 1996 conviction where Tomberlin fled from a car wherein officers found a bank bag containing plastic bags, playing cards matching those found during the search of Tomberlin's bedroom, a blue Texas Instruments calculator, and a Tanita electronic scale.

## II.

The issue before this Court is whether the District Court erred in allowing the evidence of Tomberlin's prior arrests to be introduced under Federal Rule of Evidence 404(b). We review a district court's decision to admit evidence of a defendant's prior bad acts under an abuse-of-discretion standard. See United States v. Edwards, 91 F.3d 1101, 1103 (8th Cir. 1996). Federal Rule of Evidence 404(b) permits a court to admit evidence of prior bad acts unless it tends to prove only a defendant's criminal disposition. Thus, evidence can be admitted under Rule 404(b) when a defendant places "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" at issue. Fed. R. Evid. 404(b). A defendant denies both knowledge and intent when he asserts the "mere presence" defense--that he was present, but did not know of the presence of illegal drugs.

Tomberlin argues that the District Court abused its discretion in admitting evidence of his prior bad acts because knowledge and intent were not issues at trial. He contends his case is like United States v. Jenkins, 7 F.3d 803 (8th Cir. 1993). We disagree.

In Jenkins, police obtained information from two sources that Paul Jenkins had sold LSD. At first, Jenkins admitted to the sales and agreed to be an informant in

exchange for leniency.  But when Jenkins failed to cooperate, federal officials charged him with two counts of distribution of a controlled substance.

Jenkins took the stand and denied any involvement in the drug sales.  Because he unequivocally denied participation in the drug transactions, this Court ruled that intent was not an issue.  See id. at 807.  Instead, whether the transactions occurred at all was the issue.  As a result, this Court held that evidence of Jenkins's prior bad acts was not admissible under Rule 404(b).  See id.

We believe the facts of Tomberlin's case are closer to those in Thomas, 58 F.3d 1318, wherein we clarified Jenkins.  In Thomas, police were attempting to execute an arrest warrant for Ronald Thomas.  Police went to an apartment where they found Thomas.  In the apartment, police seized crack cocaine and other drug-related items.  Thomas was charged with violating 21 U.S.C. § 841(a)(1) by possessing crack cocaine with intent to distribute.  At trial, Thomas maintained that the apartment was not his and that he had no knowledge of the presence of crack in the apartment.  He asserted the "mere presence" defense, claiming to have been in the wrong place at the wrong time.

This Court held that when Thomas denied knowledge that the cocaine was present in the apartment, he directly challenged an element of § 841(a)(1): that he "knew he was in possession" of cocaine.  See id. at 1323.  Also, Thomas's defense indirectly challenged the first element of constructive possession, that he "intended to exercise dominion" over the cocaine, and element three of § 841(a)(1), that he "intended to distribute some or all" of the cocaine.  See id.  Thus, Thomas's "mere presence" defense raised issues of knowledge and intent.  Evidence of his prior bad acts was admissible under Rule 404(b).

Like Thomas, Tomberlin asserted a "mere presence" defense, which challenged both his knowledge and intent.  Tomberlin admits his presence, i.e., that he occupied

the bedroom, but claims he had no knowledge the methamphetamine and related drug items were there. This is fundamentally the same defense Thomas put forward. Moreover, like Thomas, Tomberlin was charged with possession of drugs with intent to distribute. This requires proof of intent to possess and proof of knowledge of possession, both of which Tomberlin disputed. Furthermore, because this is a constructive possession case, indicia of knowledge is crucial.

This situation differs from that in Jenkins. Jenkins was charged with actual distribution but denied any involvement whatsoever in distributing the drugs. Jenkins did not assert his mere presence; he simply claimed he had nothing to do with any crime. Jenkins therefore never placed intent or knowledge at issue. In our case, Tomberlin only denies actually having put the drugs in the bedroom. But this is not denying any involvement whatsoever in the crime because the crime is not putting the drugs in the room. Rather, the crime is possessing and intending to distribute the drugs. Just as in Thomas, when Tomberlin claimed he did not know that the inculpatory items were present in his room, he was asserting the mere presence defense. In doing so, he directly challenged the elements of knowledge and intent, which the government was required to prove.

Because Tomberlin asserted a mere presence defense, the challenged evidence was admissible under Rule 404(b) to show knowledge and intent. In addition, there was sufficient evidence to support a finding that Tomberlin had committed the prior bad acts, see United States v. Drew, 894 F.2d 965, 971 (8th Cir.), cert. denied, 494 U.S. 1089 (1990), and the prior bad acts are similar in kind and not remote in time from the crime charged, see id. at 969-70, thus satisfying the definition of "relevant evidence." See Fed. R. Evid. 401. Finally, the balancing test of Federal Rule of Evidence 403 is also satisfied, inasmuch as we are unable to say that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. See Drew, 894 F.2d at 971. In sum, we hold that the District Court did not abuse its discretion in admitting the evidence of Tomberlin's prior bad acts.

The judgment of the District Court is affirmed.

A true copy.

  Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.