**UNITED STATES of America,
Plaintiff,**

v.

**Calvin Ray HARRIS, Defendant.**

**No. CR98–0070–MWB.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Aug. 24, 1999.

Steven M. Colloton, Assistant United States Attorney, Cedar Rapids, IA, for U.S.

Wallace L. Taylor, Cedar Rapids, IA, for defendant.

## ORDER REGARDING PLAINTIFF'S MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF EVIDENCE RELATING TO PRIOR DRUG TRAFFICKING BY THE DEFENDANT

BENNETT, District Judge.

### I. INTRODUCTION AND BACKGROUND

On December 16, 1998, a two-count indictment was returned against defendant Calvin Ray Harris charging him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Count I of the indictment charges Mr. Harris with distributing cocaine on or about October 9, 1998. Count II charges Mr. Harris with distributing cocaine on or about December 2, 1998. Trial in this matter is scheduled to begin on August 30, 1999.

On August 16, 1999, the government filed a Motion For Pretrial Determination Of Admissibility Of Evidence Relating To Prior Drug Trafficking By The Defendant (# 57). In its motion, the government seeks to determine the admissibility of the following evidence: (1) that Anthony Kinkade obtained marijuana from defendant Harris on four or five times before October 9, 1998, the date of the first charged offense of distribution of cocaine; (2) that Kimberly Johnson obtained cocaine from defendant Harris approximately ten times after December 1997, and a co-worker of Johnson obtained cocaine from defendant Harris approximately ten times before December 1997; (3) that Juanita Heald observed defendant Harris obtain and deliver cocaine approximately six times, apparently beginning in the spring of 1997; (4) that Nancy Jimmison purchased crack cocaine from defendant Harris on approximately six or seven occasions between the late summer of 1996 and February of 1997, and witnessed him distribute cocaine on one other occasion in January or February of 1997; (5) that Martin Nielsen used cocaine with defendant Harris during the summer of 1998, picked up cocaine for Harris from

a source of Harris's known as "Vampire" on several occasions over a three-month period in the summer of 1998, and saw Harris distribute cocaine to three persons during the same period. Defendant Harris resisted the motion on August 24, 1999.

## II. LEGAL ANALYSIS

The government contends that this evidence is admissible under Federal Rule of Evidence 404(b) in order to prove Harris's criminal knowledge, intent, and motive. The government also argues that, in the event that Harris pursues an entrapment defense, this evidence is relevant on the issue of Harris's predisposition to distribute drugs. Harris denies that the evidence is admissible under Rule 404(b), but agrees that prior bad acts evidence can be admitted on the issue of predisposition if he raises a defense of entrapment. The court will take up each ground raised by the government for the admissibility of this evidence *seriatim.*

### A. Rule 404(b) Evidence

 The government contends, first, that the evidence of defendant Harris's prior drug activity is admissible under Rule 404(b) for the purpose of proving intent, knowledge, and motive. Rule 404(b) provides as follows:

**(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is *not* admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes, such as* proof of *motive,* opportunity, *intent,* preparation, plan, *knowledge,* identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FED.R.EVID. 404(b) (emphasis added). Thus, the rule "prohibits the admission of evidence only when it is offered solely to prove a defendant's criminal propensity." *United States v. Molina,* 172 F.3d 1048, 1054 (8th Cir.1999), *petition for cert. filed,* (July 12, 1999) (No. 99–5238). On the other hand, the rule "allows the use of evidence about 'other crimes, wrongs, or acts' if it has a bearing on any relevant issue other than the defendant's propensity toward criminal activity." *United States v. Forcelle,* 86 F.3d 838, 843 (8th Cir.1996); *see United States v. Powell,* 39 F.3d 894, 896 (8th Cir.1994); *United States v. Kern,* 12 F.3d 122, 124 (8th Cir.1993). As the Eighth Circuit Court of Appeals has explained,

Other acts evidence is not excluded by Rule 404(b) if it is: (1) relevant to a material issue raised at trial; (2) similar in kind and close in time to the crime charged; (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act; and (4) its probative value is not substantially outweighed by its prejudicial value.

*United States v. Heidebur,* 122 F.3d 577, 578 (8th Cir.1997); *accord Molina,* 172 F.3d at 1054; *United States v. Benitez-Meraz,* 161 F.3d 1163, 1166 n. 3 (8th Cir. 1998); *United States v. Green,* 151 F.3d 1111, 1113 (8th Cir.1998); *United States v. Logan,* 121 F.3d 1172, 1178 (8th Cir.1997); *Forcelle,* 86 F.3d at 843; *Kern,* 12 F.3d at 124–25. A district court has broad discretion when deciding whether to admit or exclude prior bad acts evidence. *See Molina,* 172 F.3d at 1054; *Green,* 151 F.3d at 1113; *United States v. Shoffner,* 71 F.3d 1429, 1432 (8th Cir.1995).

Here, the government argues that Harris's drug activity is directly probative of his motive, knowledge, and intent. The court agrees that the evidence generally falls within one or more of the categories of "bad acts" evidence that is admissible under Rule 404(b). FED.R.EVID. 404(b) (permitting admission of "bad acts" evidence offered as "proof of *motive,* opportunity, *intent,* preparation, plan, *knowledge,* identity, or absence of mistake or accident") (emphasis added). The court also finds that the government's present motion concerning the admissibility of such evi-

dence more than fulfills the notice requirements of Rule 404(b). *See id.* ("bad acts" evidence is admissible if proper grounds are shown and "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.").

■ Nonetheless, the court does not believe that the evidence necessarily satisfies all of the elements for admissibility under applicable case law. *Molina,* 172 F.3d at 1054; *Benitez–Meraz,* 161 F.3d at 1166 n. 3; *Green,* 151 F.3d at 1113; *Heidebur,* 122 F.3d at 578; *Logan,* 121 F.3d at 1178; *Forcelle,* 86 F.3d at 843; *Kern,* 12 F.3d at 124–25. First, as to relevance, *see, e.g, Heidebur,* 122 F.3d at 578 (relevance is the first element of admissibility under Rule 404(b)), if Harris asserts complete denial of participation in the offenses charged as a defense at trial, Rule 404(b) evidence simply is not relevant. *See United States v. Jenkins,* 7 F.3d 803, 807 (8th Cir.1993); *accord United States v. Tomberlin,* 130 F.3d 1318, 1320 (8th Cir.1997). In *Jenkins,* the Eighth Circuit Court of Appeals held that where a defendant unequivocally denied participation in the drug transactions charged, intent was not an issue, and "bad acts" evidence consequently was not admissible under Rule 404(b). *See Jenkins,* 7 F.3d at 807; *accord Tomberlin,* 130 F.3d at 1320 (clarifying and distinguishing *Jenkens* ). Harris has intimated that he will rely on an entrapment defense at trial, not a complete denial of participation in the offenses charged, and in the absence of a unequivocal denial of participation in the drug transactions at issue, the court will assume that the relevance of the evidence has been or can be demonstrated.

Next, as to the second element for admissibility—whether the evidence involves "bad acts" that are similar in kind and close in time to the crime charged, *see, e.g, Heidebur,* 122 F.3d at 578—the court believes that temporal proximity is not necessarily shown for all of the "bad acts" evidence offered by the government. Some of the evidence involves Harris's alleged involvement in drug trafficking many months, and in some cases more than a year, prior to the two charged offenses. As to these alleged "bad acts," the court believes that the limits of temporal proximity may have been reached. The temptation for a jury confronted with such "stale" evidence of uncharged "bad acts" from which no prosecution or conviction has arisen is to do precisely what Rule 404(b) is intended to prohibit, base a conviction on a perception of a defendant's criminal propensity or past bad behavior. *See Molina,* 172 F.3d at 1054.

However, the court believes that appropriate limitations on this "bad acts" evidence may more properly be addressed under the fourth element of proof for admissibility, which requires that the probative value of the evidence is not substantially outweighed by its prejudicial value. *See, e.g, Heidebur,* 122 F.3d at 578.[1] The proposed evidence would recount over forty separate, uncharged, drug acts and transactions. In the court's view, to present all of this "other acts" evidence, at least in the absence of an entrapment defense, is unduly prejudicial and inflammatory. *See also* FED.R.EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice....."). The court is concerned that this conduct (which is not the basis for any criminal charge in federal court), based solely on its volume, will be misused by the jury to convict the defendant simply because he is perceived to be a "bad actor." *Cf. Molina,* 172 F.3d at 1054. Therefore, the court finds that not all of this evidence is admissible pursuant to Rule 404(b).

---

1. The court will assume, for the sake of argument, that the government will be able to satisfy the third element for admissibility by showing sufficient support for the evidence to support a jury finding that the defendant committed the other acts. *Heidebur,* 122 F.3d at 578.

■ Specifically, balancing the relevance or probative value of the evidence against its potential for prejudice, and keeping in mind the requirement that Rule 404(b) evidence be similar in kind and close in time to the crime charged, *see, e.g, Heidebur,* 122 F.3d at 578, the court will *exclude* the following evidence under Rule 404(b) to the extent it is offered *in the absence of an entrapment defense:* (1) evidence that a co-worker of Kimberly Johnson obtained cocaine from defendant Harris approximately ten times *before* December 1997; (2) evidence that Nancy Jimmison purchased crack cocaine from defendant Harris on approximately six or seven occasions between the late summer of 1996 and February of 1997, and witnessed him distribute cocaine on one other occasion in January or February of 1997; (3) any other evidence of drug trafficking or drug use by Harris that occurred more than *three months* prior to the charged offenses.

### B. Evidence Of Predisposition

■ In the alternative, the government argues that if Harris pursues an entrapment defense, the "bad acts" evidence identified above is all relevant on the issue of Harris's predisposition to distribute drugs. The court agrees, at least as a general matter, with the government's assertion, and indeed, so does Harris. In the event that defendant Harris actually raises an entrapment defense at trial, then evidence of his prior drug-trafficking activities becomes highly relevant on the issue of his predisposition to distribute drugs. *See United States v. Berg,* 178 F.3d 976, 980 (8th Cir.1999) (the defendant's specialized knowledge in manufacturing methamphetamine showed predisposition to commit drug-trafficking offenses and therefore he could not successfully argue that he was entrapped); *United States v. Haire,* 103 F.3d 697, 699 (8th Cir.1996) ("[p]rior distribution of illegal drugs, even as a gift, constitutes predisposition," citing *Moeller v. Attorney General of State of S.D.,* 838 F.2d 309, 310 (8th Cir.1988)); *United States v. Crump,* 934 F.2d 947, 955 (8th

Cir.1991) (holding that once the defendant asserted the defense of entrapment, testimony relating to the defendant's previous drug distribution was admissible to prove his predisposition to distribute drugs as alleged in the indictment); *United States v. Johnson,* 892 F.2d 707, 709 (8th Cir. 1989) (holding that evidence regarding an uncharged attempted transaction could be admitted to show the defendant's predisposition). Such evidence, however, is only admissible for such a purpose after defendant Harris presents evidence that government agents induced or coerced him into participating in the charged drug transactions. *See United States v. McGuire,* 808 F.2d 694, 695 (8th Cir.1987) (holding that it was error for the district court to allow the government to introduce rebuttal evidence of entrapment in its case-in-chief in anticipation of an entrapment defense that was proposed during defense counsel's opening argument, but that never came to fruition).

■ Furthermore, the court finds that the limitation on "bad acts" evidence in *Jenkins,* 7 F.3d at 807, is no bar to the evidence if entrapment and predisposition are at issue. Again, in *Jenkins,* the Eighth Circuit Court of Appeals held that where a defendant unequivocally denied participation in the drug transactions, intent was not an issue, and "bad acts" evidence consequently was not admissible under Rule 404(b). *Id.* However, in both *United States v. Thomas,* 58 F.3d 1318 (8th Cir.1995), and *United States v. Tomberlin,* 130 F.3d 1318 (8th Cir.1997), the court clarified and distinguished the applicability of *Jenkins.* In *Thomas,* the court held that where the defendant asserted a "mere presence" defense to a crime of possession of crack cocaine with intent to distribute it, on the basis that the apartment in which he and the drugs were found was not his, and that he had no knowledge of the presence of the crack in the apartment, the defendant had directly challenged the element of a § 841(a)(1) offense that he "knew he was in possession" of cocaine, and indirectly challenged the elements of constructive possession of the cocaine and intent to distribute.

*Thomas,* 58 F.3d at 1323. Because "knowledge" and "intent" were at issue in that case, the court held that the evidence of the defendant's prior bad acts was admissible under Rule 404(b). *Id.*

In *Tomberlin,* the defendant also asserted. a "mere presence" defense, thus challenging "intent" and "knowledge" elements of the a charge of possession with intent to distribute. *Tomberlin,* 130 F.3d at 1320. Relying on *Thomas,* and distinguishing *Jenkins,* the court held that the defendant's prior bad acts were admissible. *Id.* The court concluded as follows:

> Because Tomberlin asserted a mere presence defense, the challenged evidence was admissible under Rule 404(b) to show knowledge and intent. In addition, there was sufficient evidence to support a finding that Tomberlin had committed the prior bad acts, *see United States v. Drew,* 894 F.2d 965, 971 (8th Cir.), *cert. denied,* 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990), and the prior bad acts are similar in kind and not remote in time from the crime charged, *see id.* at 969–70, thus satisfying the definition of "relevant evidence." *See* FED.R.EVID. 401. Finally, the balancing test of Federal Rule of Evidence 403 is also satisfied, inasmuch as we are unable to say that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. *See Drew,* 894 F.2d at 971. In sum, we hold that the District Court did not abuse its discretion in admitting the evidence of Tomberlin's prior bad acts.

*Tomberlin,* 130 F.3d at 1321.

Although neither *Thomas* nor *Tomberlin* involves an "entrapment" defense, the court believes that these cases are instructive on the applicability of *Jenkins* to an "entrapment" defense. "Entrapment" seems to the court to be the very antithesis of an "unequivocal denial" of participation, *see Jenkins,* 7 F.3d at 807, because the defendant is *admitting* participation in the offense, but asserting that he was induced to commit it by a government agent or agents. *See Berg,* 178 F.3d at 980.

Although entrapment does not put at issue "intent" and "knowledge" in the same way that a "mere presence" defense does, assertion of the affirmative defense of entrapment does add a further element to the proof of the offense, proof that the defendant was not entrapped. *See, e.g.,* 8th Cir. Model Jury Instruction No. 9.01, n. 1. Furthermore, proof of predisposition, in response to the defendant putting his entrapment at issue, depends upon the same sort of "bad acts" evidence that might demonstrate "intent" and "knowledge." *See, e.g., Berg,* 178 F.3d at 980 (relying on drug trafficking or manufacturing offenses to prove predisposition); *Haire,* 103 F.3d at 699 (same); *Crump,* 934 F.2d at 955 (same); *Johnson,* 892 F.2d at 709 (same); *and compare Tomberlin,* 130 F.3d at 1321 ("bad acts" of drug use and trafficking were probative of "intent" and "knowledge" in proof of drug charges); *Thomas,* 58 F.3d at 1323 (same). Furthermore, evidence with a much wider range of similarity and temporal proximity may be appropriate to prove predisposition than would otherwise be allowable under Rule 404(b), because the defendant has directly put his predisposition at issue by asserting an entrapment defense.

Therefore, the court will not, prior to trial, place limitations upon the use of the "bad acts" evidence identified by the government *if* defendant Harris has presented evidence that government agents induced or coerced him into participating in the charged drug transactions. Nonetheless, there may come a point during presentation of such evidence at which the court deems that the limit of probative value, balanced against potential prejudice and mere cumulativeness, has been reached. *See* FED.R.EVID. 403. In those circumstances, the court will preclude further evidence of "bad acts" pursuant to Rule 404(b) and Rule 403.

**IT IS SO ORDERED.**