# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1652

_____

United States of America,           *
                                 *
           Appellee,       *
                                 *   Appeal from the United States
        v.               *   District Court for the
                                 *   Eastern District of Missouri
Lemond Carmickel,           *
                                 *
          Appellant.      *

_____

Submitted:  June 15, 2001

Filed:  August 28, 2001

_____

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and DAWSON,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Lemond Carmickel was convicted of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, he challenges the introduction during his jury trial of evidence of his prior drug conviction. We have reviewed the record and conclude the district court did not abuse its discretion when it admitted evidence of Carmickel's 1996 state-court conviction for selling .19 grams of crack cocaine, because

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

Carmickel placed his knowledge and intent at issue when he denied knowingly possessing the two kilograms of cocaine underlying his conviction. See Fed. R. Evid. 404(b) (prior crimes are admissible to show defendant's knowledge and intent); United States v. Tomberlin, 130 F.3d 1318, 1320-21 (8th Cir. 1997) (defendant denies intent and knowledge when he argues he was present when drugs were found, but he did not know of their presence; in such cases, Rule 404(b) permits evidence of defendant's prior drug convictions to show defendant's intent and knowledge); United States v. Logan, 121 F.3d 1172, 1173, 1177-78 (8th Cir. 1997) (evidence of prior possession of drugs, even if amount is consistent only with personal use, is admissible to show knowledge and intent of defendant charged with crime in which intent to distribute is element); United States v. Wint, 974 F.2d 961, 965-67 (8th Cir. 1992) (upholding introduction of evidence that defendant, who was on trial for cocaine distribution, had been arrested 5 years earlier while in possession of 56 vials of crack cocaine), cert. denied, 506 U.S. 1062 (1993).

Carmickel also challenges his 360-month prison sentence, citing Apprendi v. New Jersey, 530 U.S. 466 (2000). We reject this challenge. Before trial, the government filed notice under 21 U.S.C. § 851 of its intent to enhance Carmickel's sentence based on his prior felony conviction. As a prior offender, he was subject to a sentence of up to 30 years imprisonment without regard to the quantity of cocaine distributed. See 21 U.S.C. § 841 (b)(1)(C); United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000). We also reject Carmickel's argument that the district court did not recognize its authority to depart downward in sentencing him. We therefore do not review the denial of Carmickel's departure motion. See United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000) (discretionary decision not to grant downward departure is unreviewable).

Accordingly, we affirm Carmickel's conviction and sentence.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.