# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3871

_____

United States of America,        *
        *
        Appellee,        *
        *   Appeal from the United States
        v.        *   District Court for the
        *   Southern District of Iowa.
Jose Ventura De Avila-Muro,        *
        *   [UNPUBLISHED]
        Appellant.        *

_____

Submitted: October 26, 2004
Filed: November 8, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jose Ventura De Avila-Muro (Muro) pleaded guilty to possessing with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Muro testified at his plea hearing that on April 14, 2003, he had possessed about 10 pounds of a mixture he knew contained methamphetamine and that he had intended to deliver it to an individual who, unbeknownst to Muro, was working as a confidential informant (CI) for law enforcement authorities. Muro further testified that he had been tricked because the CI had not revealed that he was an informant and had insisted for about a year that Muro sell him drugs. Muro's

counsel assured the court that he had considered and rejected an entrapment defense; and Muro indicated that he was pleading guilty voluntarily, and not because of any threats or promises. The district court[1] later sentenced Muro to 135 months imprisonment and 5 years supervised release.

On appeal, Muro's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Muro asserted an entrapment defense at his plea hearing and thus his guilty plea was not voluntary and lacked a factual basis. In his pro se supplemental brief, Muro echoes counsel's arguments and asserts that he was entitled to safety-valve relief and a minor-role reduction.

We review the district court's findings of fact for clear error and its conclusions of law de novo. See United States v. Kanatzar, 370 F.3d 810, 814 (8th Cir. 2004). The plea hearing transcript, which reveals the court's careful and lengthy questioning of Muro, supports that Muro's guilty plea was knowing and voluntary. See United States v. Brown, 715 F.2d 387, 388 (8th Cir. 1983) (finding guilty plea was voluntary where defendant's responses to district court's questions indicated he was pleading guilty voluntarily). We also note that Muro did not move to withdraw his guilty plea in the district court. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990). We hold that Muro's plea-hearing admissions amply established a factual basis for the offense, see United States v. Tomberlin, 130 F.3d 1318, 1319 (8th Cir. 1997) (elements of possession with intent to distribute); that, by his guilty plea, Muro waived the right to raise entrapment as a defense, see United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001) (valid guilty plea waives all non-jurisdictional defects); and that he was not entitled to safety-valve relief, see U.S.S.G. § 5C1.2(a) (requirements for relief), or a mitigating-role reduction, see U.S.S.G. § 3B1.2, comment. (n.2).

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Having found no nonfrivolous issues after reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we affirm. Counsel's motion to withdraw will be considered upon certification that he has advised the appellant of the procedures for filing a petition for writ of certiorari in compliance with Part V of our court's plan to implement the Criminal Justice Act.

_____