Reyes-Chavarria v. Bondi

BIA
Navarro, IJ
A206 369 429/430/431

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

KENIA JOLIBETH REYES-CHAVARRIA,
A.O.R.R., K.F.R.R.,
> *Petitioners*,

> v.                                                           **24-1315**
>                                                              **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.* *

_____

* The Clerk of Court is directed to amend the caption as set forth above.

_____

**FOR PETITIONERS:**       Julia A. Goldberg, Esq., Goldberg & Associates, P.C., Melvindale, MI.

**FOR RESPONDENT:**       Yaakov M. Roth, Acting Assistant Attorney General; Song Park, Assistant Director; Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Kenia Jolibeth Reyes-Chavarria and her minor children, natives and citizens of Honduras, seek review of an April 10, 2024 decision of the BIA denying her motion to remand and dismissing her appeal of an October 28, 2019 decision of an Immigration Judge ("IJ") that denied Reyes-Chavarria's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kenia Jolibeth Reyes-Chavarria, et al.*, Nos. A 206 369 429/430/431 (B.I.A. April 10, 2024), *aff'g* Nos. A 206 369 429/430/431 (Immig. Ct. N.Y. City Oct. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA denied remand and did not reach the merits of the IJ's

decision, we have reviewed only the BIA's decision. *See Fen Yong Chen v. Bureau of Citizenship & Immigr. Servs.*, 470 F.3d 509, 513 (2d Cir. 2006). We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ." 8 U.S.C. § 1252(b)(4)(B).

Reyes-Chavarria has failed to exhaust several dispositive bases for the agency's denial of relief; as a result, only the denial of her motion to remand is before us. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). Exhaustion is "not jurisdictional," *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023), but it is mandatory when, as here, the Government raises it, *see Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). Relatedly, "[w]e consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted).

3

Before the BIA, Reyes-Chavarria did not challenge the IJ's findings that she had not established past persecution, an objectively reasonable fear of future persecution, or government acquiescence to torture. The BIA correctly deemed review of the IJ's decision waived because these grounds are dispositive of all forms of relief. *See* 8 C.F.R. § 1208.13(b)(1), (2) (requiring a showing of past persecution or a well-founded fear of future persecution for asylum); 8 C.F.R. § 1208.16(b)(1), (2) (same for withholding); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (requiring applicant to show an "objectively reasonable" fear to establish future persecution absent past persecution); *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) ("Analysis of a CAT claim boils down to a two-step inquiry" requiring an applicant to demonstrate both likely torture and acquiescence.). As the Government points out, these issues are unexhausted and not before us. *See Ud Din*, 72 F.4th at 419–20 & n.2; *Vera Punin*, 108 F.4th at 124. And Reyes-Chavarria has abandoned any argument that the BIA incorrectly deemed those challenges waived because she does not raise such an argument in her opening brief. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that "[w]here the agency properly applies its own waiver rule" our "review is limited to whether the BIA erred in deeming the argument waived"

4

(quotation marks omitted)); *Debique*, 58 F.4th at 684.

Her ineffective assistance of counsel claim suffers from the same deficiency because she did not raise it before the agency, despite having different counsel on appeal to the BIA than before the IJ. *See Ud Din*, 72 F.4th at 419–20 & n.2; *Vera Punin*, 108 F.4th at 124. And while she argues in her reply brief that she only seeks remand for the BIA to consider that claim, not for us to rule on the merits of it, the appropriate vehicle for raising such a claim is through a motion to reopen filed directly with the BIA. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007) ("We generally require that ineffective assistance claims be presented in the first instance to the BIA, either through a motion to reopen or on direct appeal."). We therefore decline to consider the unexhausted claim.

Thus, the only question before us is whether the BIA abused its discretion in denying remand for consideration of new evidence. *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156 (2d Cir. 2005) ("A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen."). It did not. The BIA may deny remand if, as relevant here, "the movant has not established a prima facie case for the underlying substantive relief sought" or "has not introduced previously unavailable, material evidence." *INS v. Abudu*, 485 U.S.

5

94, 104–05 (1988) (discussing standards for motions to reopen). The BIA will not remand "unless the movant has met the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao*, 421 F.3d at 156–58.

To establish eligibility for asylum and withholding of removal, Reyes-Chavarria had to show that she suffered past persecution or had a well-founded fear (for asylum) or likelihood (for withholding) of future persecution based on a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). Although it "includes more than threats to life or freedom and extends to non-life-threatening violence and physical abuse," *KC v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) (quotation marks and citation omitted), the harm must be sufficiently severe and rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006).

The IJ denied relief because Reyes-Chavarria had not claimed past persecution and did not establish a well-founded fear of future persecution;

6

although one of her brothers who was a former gang member was murdered in 2019, her other siblings remained unharmed in Honduras. Reyes-Chavarria moved to remand based on new evidence that her remaining brothers in Honduras had been threatened by the gang after the IJ's decision, but the BIA denied remand because her siblings had not been physically harmed and had avoided harm by moving. The BIA did not abuse its discretion: "without aggravating factors that suggest imminence or extreme menace, unfulfilled threats are merely harassment and cannot qualify as past persecution." *KC*, 108 F.4th at 135. Thus, the new evidence did not establish an "objectively reasonable" fear of future persecution, particularly as her brothers had remained unharmed after relocating within Honduras. *Ramsameachire*, 357 F.3d at 178; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Reyes-Chavarria devotes much of her brief to arguing that the threats rendered her particular social group cognizable, but she does not explain how such unfulfilled threats rose to the level of persecution or identify any "aggravating factors." *KC*, 108 F.4th at 135; *see Mei Fun Wong*, 633 F.3d at 73; *Ivanishvili*, 433 F.3d at 341. Finally, her passing assertion that the gang had a

"pattern or practice" of targeting her family members is not adequately preserved, and is in any event meritless. An applicant may establish a well-founded fear of future persecution by showing "a pattern or practice of persecution" of similarly situated people, 8 C.F.R. §§ 1208.13(b)(2)(iii); 1208.16(b)(2)(i), i.e., that the harm to a particular group "is so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A–M–*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005). Even assuming this claim is exhausted, it fails on the grounds discussed above—although one brother was killed by his former gang, her remaining brothers in Honduras have not suffered harm that rises to the level of persecution. *See* 8 C.F.R. §§ 1208.13(b)(2)(iii); 1208.16(b)(2)(i); *KC*, 108 F.4th at 135.

In sum, Reyes-Chavarria did not carry her "heavy burden" of showing that her new evidence would alter the result on remand. *See Li Yong Cao*, 421 F.3d at 156 (quotation marks omitted); *see also Lecaj v. Holder*, 616 F.3d 111, 120 (2d Cir. 2010) (holding that applicant who fails to meet burden for asylum, "necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief" (quotation marks and citations omitted)). Her arguments about the cognizability of her group in connection with remand are therefore

8

misplaced and we do not reach them. 8 C.F.R. § 1208.13(b)(2) (requiring both an objectively reasonable fear of persecution *and* nexus to a protected ground); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (requiring a cognizable social group and a nexus to that group); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court