UNITED STATES of America, Appellee,

v.

Jacques George SIMON, Appellant.

No. 84–5188.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1985.

Decided July 22, 1985.

Rehearing and Rehearing En Banc Denied Aug. 28, 1985

---

Bruce H. Hanley, Minneapolis, Minn., for appellant.

Joseph Walbran, Minneapolis, Minn., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Jacques George Simon was convicted by a jury of violating 18 U.S.C. app. § 1202(a)(1) (1982), which prohibits the receipt or possession of a firearm by a convicted felon. The district court[1] sentenced Simon to a term of two years. On appeal he contends that the district court erred in admitting drug related evidence at trial, and that the prosecutor impermissibly dwelled on this evidence in irrelevant, sensational detail. We affirm Simon's conviction.

On March 22, 1984, Hennepin County sheriff's deputies executed a search warrant for hashish and cocaine at a delicatessen and joined basement residence in Minneapolis. Upon arrival, the deputies knocked on the door and loudly announced their identities and that they had a search warrant. When after minutes of knocking and yelling no one answered the door, the deputies forced entry. Proceeding downstairs to the basement, the deputies again announced their identities, and knocked on a closed door. A male voice, which later turned out to be Simon's, yelled, "Just a minute." When the deputies directed him to open the door, he repeated, "Just a minute." A short time later he opened the door, which opened to a bedroom; at trial he admitted that he had moved into the premises months prior to the search. Once admitted to Simon's bedroom, the deputies noticed a locked desk, on top of which lay an electronic gram scale, which was on, and a razor blade with a white powdery substance on it. A trained police dog found a paper bag under a blanket, in the back of a closet near the desk. Three unloaded rifles were also found in the closet. In the bag were Simon's keys to the desk, many one-gram vials, some of which contained white powder, and a funnel that screwed on the threaded vials. The bag contained about

---

1. The Honorable Robert G. Renner, United States District Court Judge for the District of Minnesota.

four more caps than vials. In Simon's pocket was a vial of the powder.

The deputies unlocked the desk, and found two loaded pistols. In another drawer of the desk the deputies found a mirror with white powder and traces of razor lines on it, a sifter device containing white powder, a gun-cleaning kit, and another small scale. Four uncapped vials, matching those found in the paper bag, were also in the drawer.

Simon pled guilty to possession of drugs in violation of 21 U.S.C. § 844. At the trial for possession of firearms, the parties stipulated that Simon had pled guilty in 1961 and 1971 to two separate felonies. The district court ruled *in limine* that the drug evidence was admissible as integrally related to proof of possession of the firearms. Simon repeatedly objected to the prosecution's eliciting of testimony by the deputies referring to the drug-related evidence. At trial Simon denied possession of the firearms, and also denied having entered the desk just prior to the deputies' entrance.

On appeal Simon argues that the drug-related evidence was inadmissible as "other crimes" evidence under Fed.R.Evid. 404(b) [2] because under the balancing test of Fed.R. Evid. 403 the danger of undue prejudice substantially outweighed its probative value.[3] Simon claims the drug-related evidence was not at all probative of the issue of possession of firearms, and only marginally probative of his general intent. He argues further that even if the drug-related evidence had been relevant to the firearms charge, the prosecution impermissibly dwelled on the evidence "in irrelevant, sensational detail" intended to prejudice the jury against Simon.

■ We note at the outset that Rule 404(b) is a rule "of inclusion rather than exclusion and 'admits evidence of other

crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition.' " *United States v. DeLuna*, 763 F.2d 897, 912 (8th Cir.1985) (quoting *United States v. Wagoner*, 713 F.2d 1371, 1375 (8th Cir.1983)). A trial judge acts within his sound discretion in admitting evidence of prior criminal or wrongful acts when: "(1) the evidence is relevant to an issue in question other than the defendant's character; (2) clear and convincing evidence exists that the defendant committed the prior wrongful acts; and (3) the potential unfair prejudice of the evidence does not substantially outweigh its probative value." *United States v. Hutchings*, 751 F.2d 230, 238 (8th Cir.1984) (citing *United States v. Evans*, 697 F.2d 240, 247–48 (8th Cir.), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 352 (1983)). We give great deference to the district court's determination in balancing the prejudicial effect and probative value of "other crimes" evidence. *DeLuna*, at 913; *United States v. Boykin*, 679 F.2d 1240, 1244 (8th Cir.1982). In addition, the district court has broad discretion in admitting such evidence and will be reversed only when the evidence admitted clearly has no bearing on any issue involved. *DeLuna*, at 913; *Wagoner*, 713 F.2d at 1375; *United States v. Fischel*, 693 F.2d 800, 803 (8th Cir.1982) (quoting *United States v. Marshall*, 683 F.2d 1212, 1215 (8th Cir.1982)).

■ We hold that the district court did not abuse its discretion in admitting the drug-related evidence at Simon's trial on the firearms charge. The drug-related evidence was, as the district court noted, "closely and integrally related" to the issue of the ownership and possession of the guns. A key issue at trial was whether Simon actually possessed the firearms found in the desk of his bedroom; he denied having recently been in the desk, and

---

**2.** Fed.R.Evid. 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation,

plan, knowledge, identity, or absence of mistake or accident.

**3.** Fed.R.Evid. 403 states in relevant part:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."

contended that the guns were not his and that many other people had access to the desk. The detail with which the Government elicited testimony concerning the drug-related evidence tended to show that Simon had in fact been in the desk just prior to the deputies' arrival. The time delay between when the deputies first announced their presence and when Simon finally opened his bedroom door to them; the fact that the electronic scale was on; the presence of the filled and unfilled vials in the desk, in the paper bag, and in Simon's pocket; the razor blade with powder found on top of the desk; and the mirror and sifter, both with powder on them, found lying askew in the desk all indicated that Simon had been interrupted in the process of packaging the white powder when the deputies first arrived at the building. The evidence was of great probative value in countering Simon's assertion that he had not been in the desk recently and did not possess the firearms, and as such was admitted to prove possession rather than character. This evidence was particulary probative of opportunity, intent, and knowledge. Also, when as here evidence of an act and evidence of the crime charged are "inextricably intertwined," Rule 404(b) does not come into play. *DeLuna,* at 913.

Further, because the evidence indicated that Simon was in the process of packaging drugs at the time of the deputies' arrival, it was relevant to the issue of gun possession. Firearms are known "tools of the trade" of narcotics dealing because of the dangers inherent in that line of work. *United States v. Milham,* 590 F.2d 717, 721 (8th Cir.1979) (quoting *United States v. Wiener,* 534 F.2d 15, 18 (2d Cir.), *cert. denied,* 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976)). *See also United States v. Clark,* 754 F.2d 789, 792 (8th Cir.1985). The guns found in the desk were loaded, and one was chambered and cocked, needing only the safety to be taken off and the trigger to be pulled for the gun to be fired. That Simon was engaged in drug packaging tends to prove that the guns were in his possession because of the known correlation between drug dealing and weapons.

In sum, because the drug-related evidence had great bearing on the important issue of possession, the district court did not abuse its discretion in admitting the evidence. Simon's conviction is affirmed.