FOR THE EIGHTH CIRCUIT

_____

No. 96-4264
_____

United States of America,      *
     *
          Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Missouri.
Joseph F. Heidebur,      *
     *
          Appellant.      *

_____

Submitted: May 20, 1997
Filed: August 11, 1997
_____

Before BEAM, FRIEDMAN,[1] and LOKEN, Circuit Judges.
_____

BEAM, Circuit Judge.

Joseph F. Heidebur appeals his conviction for knowingly possessing sexually explicit photographs of a minor, 18 U.S.C. § 2252(a)(4)(B). We vacate the conviction.

_____

[1]The Honorable Daniel M. Friedman, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

## I.  BACKGROUND

Defendant was charged with knowingly possessing sexually explicit photographs of his twelve year-old stepdaughter after his wife, Sherry Heidebur, found three nude photographs of the girl in the family's garage.  At trial, Sherry Heidebur was the government's first witness.  Over the defendant's objections, the prosecutor elicited testimony from Sherry Heidebur that, a few days before her discovery of the photos, she had returned home early from work and found the defendant and her daughter together in the girl's locked bedroom. Sherry Heidebur testified that she accused the defendant of molesting her daughter, and that he admitted having sexual contact with her.  The government's second witness, FBI agent Phillip McComas, testified that the defendant first confessed to having sexual contact with his stepdaughter and then admitted taking the photos.[2]  The jury returned a guilty verdict, and the district court sentenced the defendant to sixty months of imprisonment.  The sole issue on appeal is whether evidence of the defendant's molestation of his stepdaughter should have been excluded as inadmissible evidence of other bad acts under Federal Rule of Evidence 404(b).

## II.  DISCUSSION

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  The Rule excludes evidence of specific bad acts used to circumstantially prove that a person has a propensity to commit acts of that sort.  Propensity evidence, whether of a person's general character or examples of specific bad acts, is ordinarily excluded because of the likelihood that the jury may misuse it.

---

[2]Heidebur was convicted in state court of sodomy of a child under age fourteen and sentenced to five years of imprisonment.

Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404 advisory committee notes (1972).

Rule 404(b) provides, however, that evidence of prior bad acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Rule 404(b) is thus "a rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition." United States v. Simon, 767 F.2d 524, 526 (8th Cir. 1985) (internal quotations omitted). Thus, evidence of prior bad acts that is "probative of the crime charged" is not excluded under Rule 404(b). United States v. DeLuna, 763 F.2d 897, 913 (8th Cir. 1985).

Furthermore, "bad acts that form the factual setting of the crime in issue" or that "form an integral part of the crime charged" do not come within the Rule's ambit at all. United States v. Williams, 95 F.3d 723, 731 (8th Cir. 1996), cert. denied, 117 S. Ct. 750 (1997). This is because such acts are not truly separate bad acts that show propensity, but are "'intrinsic evidence' which is inextricably intertwined" with the crime charged. United States v. McGuire, 45 F.3d 1177, 1188 (8th Cir. 1995) (citation omitted), cert. denied, 515 U.S. 1132 (1995). For example, in Williams the defendants were charged with conspiracy and kidnaping after they abducted and then murdered a man. 95 F.3d at 726-28. Rule 404(b) did not bar evidence that the defendants killed the victim because the slaying was an integral part of the kidnaping, and excluding that evidence would have prevented the prosecution from "presenting [to the jury] a coherent picture of the facts of the crime in issue." Id. at 731.

In this case, the defendant objected at trial that Sherry Heidebur's testimony that he admitted having sexual contact with her daughter was other act evidence barred by Rule 404(b). The government contended that it was eliciting the testimony to show why Sherry Heidebur began searching for the photos. Although we will only find error in a 404(b) question if we find the district court abused its discretion, Simon, 767 F.2d at 526, we agree with the defendant that the district court erred in admitting this testimony.

We first reject the government's argument that the defendant's sexual contact with his stepdaughter was "inextricably intertwined" with the crime charged (possession of the photos) and so was not 404(b) evidence at all. The government claims that the testimony was necessary to show the jury why Sherry Heidebur started looking for the photos. Sherry Heidebur's motivation in searching, however, has nothing whatsoever to do with the factual setting of the *crime* charged in this case. In Williams, in contrast, the defendants' murder of their victim was part and parcel of their conduct in carrying out the crimes (kidnaping and conspiracy) with which they were charged. See 95 F.3d 730-31. Here, there was no evidence of when the photos were taken, other than Sherry Heidebur's testimony that her daughter looked about twelve years-old in the photos, and there is no indication that the sexual contact and the picture-taking were anything but discrete, separate bad acts. Furthermore, Sherry Heidebur's motive in conducting her search for the photos, while it may provide background information about the events leading to the *discovery* of the photos, is not an integral part of the defendant's alleged *possession* of those photos. Without this testimony, the jury was in no danger of not receiving "a coherent picture of the facts" of the charged crime. Id. at 731.

In addition, when the prosecutor asked Sherry Heidebur why she began her search, she initially said nothing about her earlier confrontation with the defendant. Instead, she testified that she looked for the photos after noticing that six new Polaroid photos had been placed in an album, and, knowing that Polaroid film packages had ten

exposures, became suspicious about the missing four photos. Only after repeated examination and two impermissibly leading questions did Sherry Heidebur testify that her confrontation with the defendant led to her search. The government's contention that this testimony is admissible because it was elicited for the limited purpose of providing a necessary "context" is at best without basis, and at worst pretextual.[3]

The government argues that the testimony was admissible even if Rule 404(b) is implicated, because it was probative of the crime charged; that is, it was admissible for a purpose other than to show propensity. Other acts evidence is not excluded by Rule 404(b) if it is: (1) relevant to a material issue raised at trial; (2) similar in kind and close in time to the crime charged; (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act; and (4) its probative value is not substantially outweighed by its prejudicial value. United States v. Kern, 12 F.3d 122, 124-25 (8th Cir. 1993). On this point, the government reiterates its contention that the testimony provided "context" and was thus probative of the crime charged. In our view, this merely repeats the argument that the defendant's contact with his stepdaughter was inextricably intertwined with his possession of the photos. We have already rejected this position.

The government also argues that the challenged testimony was probative because it showed the defendant's opportunity to commit the crime. The government did not advance this position at trial, and we find this post-hoc justification unimpressive. Opportunity was hardly an issue in this case: the defendant lived in the same house with the victim, was in contact with her every day, and was often home alone with her because he cared for her while Sherry Heidebur was at work. Furthermore, whatever marginal probative value the testimony had for this purpose is substantially outweighed

---

[3]Furthermore, the prosecution's later elicitation of testimony, over defendant's 404(b) objection, from Agent McComas about defendant's sexual abuse cannot possibly have been for the purpose of establishing why Sherry Heidebur searched for the photographs.

by the likelihood that the jury would use this highly prejudicial information for an improper purpose. This is of particular concern since the government's questioning did not indicate that it was attempting to prove opportunity, and the jury did not receive a limiting instruction on how to use this testimony.

The government next contends, again for the first time on appeal, that the testimony is probative of the defendant's knowing possession of the photographs. The government's argument, as we understand it, is this: evidence that the defendant had sexually exploited his stepdaughter tends to show that he knowingly possessed explicit photos of her.[4] This, however, is virtually the definition of inadmissible propensity evidence. We cannot see any way in which the defendant's abuse of his stepdaughter is probative of his knowing possession of the photographs, other than by establishing a propensity for these kinds of crimes.[5]

We hold, therefore, that Sherry Heidebur's testimony regarding the defendant's other acts was probative only of propensity, and the district court erred by admitting it. The government argues that this was nonetheless harmless error. Under Rule 52(a) of the Federal Rules of Criminal Procedure, erroneous evidentiary rulings that do not implicate constitutional rights are harmless "if the reviewing court, after viewing the entire record, determines that no substantial rights of the defendant were affected, and that the error did not influence or had only a slight influence on the verdict." United

---

[4]At oral argument, for example, the government offered the following for why Rule 404(b) is not at issue in this appeal:

> Is it more probable that a person who is having [an] intimate sexual relationship with a twelve year-old child would be more likely to possess photographs, explicit sexual photographs, of that child than would a person who was not engaged in that type of relationship?

[5]At oral argument, the government also argued that the defendant's prior bad act was probative of motive. We find this argument, which was neither presented to the district court nor briefed, meritless.

-6-

States v. DeAngelo, 13 F.3d 1228, 1233 (8th Cir. 1994) (citations omitted). In other words, evidentiary error requires reversal "only if the jury may have been substantially swayed by improperly-admitted evidence." Id. (citation and internal quotations omitted).

We conclude that, in this case, the improper admission of the other acts evidence was not harmless. The government examined only three witnesses. Sherry Heidebur's testimony about the defendant's prior acts was virtually the first matter of substance put before the jury. Agent McComas's testimony that the defendant admitted taking the photographs was given only after McComas first related that the defendant confessed to sexual contact with his stepdaughter. McComas's testimony was critically relevant to the crime charged, but was preceded by and completely bound up in highly prejudicial, inadmissible evidence of other acts.[6] Testimony about the defendant's other bad acts constituted a significant portion of these witnesses' testimony, and was front-and-center in the trial. We cannot say that the jury was not substantially swayed by the inadmissible evidence, and that it limited its inquiry only to the evidence relevant to the crime charged.

## III.   CONCLUSION

The district court erroneously allowed admission of "other acts" evidence barred by Federal Rule of Evidence 404(b), and we conclude that this error was not harmless. Accordingly, we vacate the conviction.

---

[6]The government's only other witness, an agent at the FBI crime lab in Washington, provided information about Polaroid cameras and film and established that the film used in this crime traveled in interstate commerce.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.