# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1497

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| James O. Jondahl, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 3, 1999
Filed: August 6, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

James O. Jondahl appeals from the final judgment entered in the district court[1] upon a jury verdict finding him guilty of four counts of filing false income tax returns for 1990 through 1993, in violation of 26 U.S.C. § 7206(1), and one count of corruptly endeavoring to obstruct and impede the administration of revenue laws from 1985 to 1997, in violation of 26 U.S.C. § 7212(a). For reversal, Jondahl argues the district

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

court abused its discretion under Federal Rule of Evidence 404(b) by admitting various kinds of "bad-acts" evidence. We disagree. The evidence of Jondahl's tax liability from years prior to the tax years in question was probative of his intent to corruptly obstruct the IRS. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (elements of section 7212(a) violation). What Jondahl describes on appeal as evidence of a "prior investment swindle" was not Rule 404(b) evidence, but rather evidence of acts either forming the factual setting of the charged offenses, or evidence probative of the element of willfulness. See Moore v. United States, No. 98-3578, 1999 WL 336286, at *5 (8th Cir. May 28, 1999); United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.