# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3919

_____

United States of America,

       Plaintiff - Appellee,

v.

Johnny Green,

       Defendant - Appellant.

\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*
\*

_____

Submitted: October 11, 2005
Filed: November 16, 2005

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Johnny Green appeals his convictions for three counts of social security fraud in violation of 42 U.S.C. § 408(a)(7)(B), one count of accessing a computer to steal information used fraudulently to gain credit in violation of 18 U.S.C. § 1030(a)(4), and three counts of devising a scheme to defraud a financial institution in violation of 18 U.S.C. §§ 1344 and 2. Green contends the district court[1] erred by admitting evidence relating to victims not listed in the Superceding Indictment, by admitting posters into evidence without proper limiting instructions, and by not dismissing a

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

juror Green claims was asleep during part of the proceedings.  He also challenges his sentence under <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  We affirm.

I

Green organized an identity-theft scheme during which he paid two SBC Communication, Inc. employees to steal names, addresses, and social security numbers of California customers.  Green then used this information to purchase flat-screen televisions from Dell Computers (Dell) online, using instant credit provided by Dell.  The televisions were delivered to the houses of Green and his friends and family in St. Louis, Missouri.

Green was tried before a twelve-member jury, but no alternates remained following the exercise of both sides' challenges.  During the trial, the government presented testimony from fifteen victims, only six of whom were specifically named in the Superceding Indictment.  Each of the victims traveled from California to St. Louis to testify as to their experience, recounting the steps taken to prove they did not purchase the equipment and to repair their credit.  Two witnesses testified in lieu of elderly or deceased parents.

The government presented evidence connecting the victims to Green, including voluminous records from Dell and SBC.  Over Green's objections, the district court allowed into evidence four large charts, two of which outlined individual transactions and two of which summarized the evidence in spreadsheet form.

During the second day of trial, Green noticed a juror who appeared to be asleep.  After bringing this to the attention of the court, the court ordered a brief recess and noted the juror at issue "got up slower" than the others.  The district court, however, did not question the juror or make any findings on the record as to whether the juror was asleep.

At the conclusion of the trial, the court gave the following instruction regarding the charts: "You may use those summaries or charts as evidence. It is for you to decide how much weight if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared." The jury reached a verdict of guilty on all seven counts. During the sentencing phase, the jury found beyond a reasonable doubt six sentencing enhancements. However, it did not determine Green obstructed justice beyond a reasonable doubt. Based on these factors, Green's offense level was twenty-six and his criminal history was category two, resulting in a Guideline range of seventy to eighty-seven months of imprisonment. During sentencing, the court stated although the obstruction enhancement would have been warranted prior to <u>Blakley v. Washington</u>, 542 U.S. 296 (2004), it was inapplicable under the circumstances. Green was sentenced to seventy-two months of imprisonment to account for the "serious nature" of the crimes committed and the "objectives of just punishment, general deterrence, and incapacitation."

II

We review the district court's legal interpretation of an evidentiary rule de novo, <u>United States v. Blue Bird</u>, 372 F.3d 989, 991 (8th Cir. 2004), but review the district court's application of the rule for an abuse of discretion. <u>United States v. King</u>, 351 F.3d 859, 866 (8th Cir. 2003). Green contends the district court abused its discretion in allowing the testimony of nine victims who were not specifically referenced in the Superceding Indictment because the prejudicial nature of the evidence outweighed its probative value.

Despite Green's argument to the contrary, the testimony of these victims is relevant. <u>United States v. Swinton</u>, 75 F.3d 374, 378 (8th Cir. 1996) (holding facts surrounding uncharged transactions can be admitted if the "collected transactions were all part of a single scheme" or the "uncharged transactions were so blended or

connected . . . that proof of one incidentally involves" the others) (quoting United States v. Bass, 794 F.2d 1305, 1312 (8th Cir. 1986)).  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Even if evidence is erroneously admitted, we will not overturn the conviction unless the substantial rights of the defendant were affected.  United States v. Buffalo, 358 F.3d 519, 527 (8th Cir. 2004).

No such error occurred in this case.  The evidence presented at trial may have been emotional, but Green cannot show it "lure[d] the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  Old Chief v. United States, 519 U.S. 172, 180 (1997).  Additionally, even if the district court erred in admitting cumulative evidence, any error was harmless in light of the evidence submitted regarding the victims named in the Superceding Indictment.

Green next contends the district court erred in admitting charts without the proper limiting instructions.  The admissibility of summary charts, graphs, and exhibits "rests within the sound discretion of the trial judge, whose action in allowing their use may not be disturbed by an appellate court except for an abuse of discretion."  United States v. King, 616 F.2d 1034, 1041 (8th Cir. 1980).  "The contents of voluminous writings, . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation."  Fed. R. Evid. 1006. Summary evidence is properly admitted when (1) the charts "fairly summarize" voluminous trial evidence; (2) they assist the jury in "understanding the testimony already introduced"; and (3) "the witness who prepared the charts is subject to cross-examination with all documents used to prepare the summary."  King, 616 F.2d at 1041.  Additionally, the charts may "include assumptions and conclusions, but said assumptions and conclusions must be based upon evidence in the record."  United States v. Wainright, 351 F.3d 816, 821 (8th Cir. 2003).  Charts properly admitted

under Rule 1006 can be treated as evidence and allowed in the jury room during deliberations, but the district court should issue proper limiting instructions. See United States v. Possick, 849 F.2d 332, 339 (8th Cir. 1988).

The four charts in this case summarized evidence already introduced at trial, namely records from SBC and Dell. The charts assisted the jury in understanding how the scheme was perpetrated, and the witness who prepared the charts was available for cross examination. Thus, the charts were properly admitted. Additionally, the district court did not err in instructing the jury to consider the charts as evidence while also taking into account "all of the testimony" heard and the "way in which [the charts] were prepared." See United States v. Parker, 364 F.3d 934, 951 (8th Cir. 2004) (holding reversal warranted only when instructions, when taken as a whole, do not "fairly and adequately" contain the applicable law).

The trial court also retains broad discretion in determining whether to dismiss a juror accused of sleeping. United States v. Evans, 272 F.3d 1069, 1087 (8th Cir. 2001). We will not find an abuse of discretion if the record shows a legitimate reason for the court's decision to retain the juror. United States v. Wilcox, 50 F.3d 600, 603 (8th Cir. 1995) (finding no abuse of discretion when the district court believed the juror accused of sleeping actually heard the testimony and was capable of issuing a fair and impartial decision). In this case, Green alerted the district court of a juror who may have been asleep during the proceedings. The government responded the juror had been awake and looking around. The district court granted a short recess to give the jury a chance to stretch but did not make any findings as to whether the juror in question was actually asleep. Based on this scant evidence, we cannot say the district court abused its discretion.

Finally, Green contends his sentence should be vacated in light of Blakely and Booker. Although Booker was not decided at the time of Green's sentencing, his objections based on Blakely are sufficient to preserve the non-constitutional error

claimed.  United States v. Brooks, 417 F.3d 982, 984 (8th Cir. 2005).  We review this claim for harmless error.  United States v. Haidley, 400 F.3d 642, 645 (8th Cir. 2005).  The government, as the beneficiary of the error, bears the burden of proving no "grave doubt" exists as to whether the "error substantially influenced the outcome of the proceedings."  Id.  As in United States v. Perez-Ramirez, 415 F.3d 876, 878 (8th Cir. 2005), we have no "grave doubt" in this case because the district court "left unused some of its discretion" when it sentenced Green two months above the minimum Guideline range.  The district court's statements regarding the severity of Green's crime, coupled with its remarks concerning the applicability of an obstruction enhancement under the pre-Blakely regime, leave us with no such "grave doubt."  Furthermore, the sentence Green received is not unreasonable in light of the factors listed in 18 U.S.C. § 3553(a).  Accordingly, we affirm both Green's conviction and his sentence.

_____