# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2146

_____

United States of America,        *
           *
      Plaintiff - Appellant,   *
           *   Appeal from the United States
   v.               *   District Court for the Northern
           *   District of Iowa.
Brion Dodd Johnson,       *
           *
      Defendant - Appellee.   *

_____

Submitted: October 12, 2005
Filed:  March 9, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Brion Dodd Johnson challenges his convictions and sentence for knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).  We reverse.

I

The events leading to Johnson's convictions began when his former girlfriend, Evonne Huston, delivered three compact discs (CDs) containing visual depictions of child pornography to the Marion, Iowa, police department.  Huston told police she

obtained the CDs from Tony Herman, Johnson's roommate, whom she claimed told her Johnson was in possession of child pornography. Based on this information, police obtained a search warrant and seized a computer tower and a server containing nine hard drives. Police also seized printed material from Johnson's bedroom consisting of two fictionalized accounts entitled "Whore Child" and "Revenge is Sweet," detailing the abduction and forcible rape of a thirteen-year-old girl and the incestuous rape of a fifteen-year-old girl. At trial, Johnson's fiancée testified Johnson downloaded the stories from a client's computer to show the client the computer had been used to access objectionable material.

Authorities sent the computers to a forensic laboratory for analysis. The analysis determined there were hundreds of thousands of files on the server, including 201 zip files containing images of child pornography. Twelve of the files had been opened or unzipped, while the remaining files remained zipped. The forensic analysis showed the zip files containing child pornography, including the twelve unzipped files, were last accessed within a matter of seconds of each other. At trial, Johnson argued this proved he did not view any of the images because it would be impossible to unzip and view over 200 images in a matter of seconds.

The government presented evidence showing the zip files were downloaded to a directory in Johnson's computer named "Bri [Brion's] zips," meaning Johnson intentionally saved them to a file bearing his name. Further, each of the files was password protected indicating Johnson intended to restrict access to them. Johnson, however, argued the downloaded zip files were password protected before he downloaded them by whoever created the larger file from which they were downloaded.

In addition to the forensic evidence, the government called Johnson's roommate, Herman, who testified he had on at least one occasion seen Johnson viewing child pornography on his computer. Herman testified Johnson told him he had accessed the

content inadvertently and immediately deleted it – Herman confirmed Johnson had deleted some child pornography. Herman, however, also testified Johnson told him he accessed the prohibited material while working with authorities to uncover child pornography – a claim Johnson stipulated at trial was untrue. Finally, Herman testified Johnson told him he was concerned police might find prohibited material on his computer in a password-protected zip file.

The government also presented testimony from Johnson's friend, Joe Tallman, who testified Johnson attempted to explain away the investigation into his computer use as arising out of his attempts to help authorities locate "bad websites." According to Tallman, Johnson told him the investigation began when three CDs containing information related to the investigation went missing and were turned over to police by a confidential informant.

The government next presented the testimony of four registered sex offenders with whom Johnson was housed while awaiting trial, who testified Johnson admitted 1) he had child pornography on his computer, 2) the CDs turned over to the police were his, 3) he knew how to locate child pornography on the computer, and 4) he was going to trial because there was no way he could get caught.

Finally, the government offered the two stories found in Johnson's bedroom under Rule 404(b) of the Federal Rules of Evidence. Over Johnson's objection, the district court admitted the evidence because "the stories demonstrate defendant's interest in and predisposition to possess child pornography." The trial court instructed the jury it could consider the evidence to prove Johnson's "inherent tendency to commit the acts charged in the Indictment."

Johnson testified the CDs turned over to police by Huston were not made with any software on his computer and only one of the images contained on the CDs was located on his computer. Johnson further testified Huston was motivated by

vindictiveness and gave the CDs to police to frame him. Johnson also claimed the files were downloaded inadvertently and he never viewed any of the prohibited material.

The jury convicted Johnson, and at sentencing the district court imposed various enhancements, including a two-level enhancement for obstruction of justice. The district court concluded the enhancement was warranted because Johnson lied during his testimony. Based on an adjusted base offense level of thirty and a criminal history category of III, Johnson's guideline sentencing range was 121 to 151 months. The district court sentenced Johnson to 151 months and stated "even if I am wrong about the computation of the advisory guideline sentence, [] my sentence would be the same, because it is reasonable after considering the balance of the [18 U.S.C. § 3553(a)] factors."

On appeal, Johnson argues 1) the district court erred in admitting the stories under Rule 404(b), 2) the evidence was insufficient to support the jury's verdicts of guilty, and 3) the district court erred in applying a sentencing enhancement for obstruction of justice under United States Sentencing Guidelines § 3C1.1.

II

Johnson argues the district court erred by admitting the stories about the rape of two teenage girls under Rule 404(b). He contends the evidence was inadmissible because it was only offered to prove his criminal disposition and was unfairly prejudicial.

Rule 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The rule excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort. Propensity evidence, whether of

a person's general character or examples of specific bad acts, is ordinarily excluded because of the likelihood the jury may misuse it.

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion.  It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404 advisory committee notes (1972).

Rule 404(b) provides, however, evidence of prior bad acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Rule 404(b) is thus "a rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition."  United States v. Simon, 767 F.2d 524, 526 (8th Cir. 1985) (internal quotations omitted).  Thus, evidence of prior bad acts "probative of the crime charged" is not excluded under Rule 404(b), United States v. DeLuna, 763 F.2d 897, 913 (8th Cir. 1985), and we will only find error in a 404(b) question if the district court abused its discretion,  Simon, 767 F.2d at 526.

Other acts evidence is admissible under Rule 404(b) if it is 1) relevant to a material issue raised at trial, 2) similar in kind and close in time to the crime charged, 3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and 4) its probative value is not substantially outweighed by its prejudicial value.  United States v. Kern, 12 F.3d 122, 124-25 (8th Cir. 1993).

The government argues the evidence was admissible under Rule 404(b) because it was probative of the crime charged.  It contends the evidence was properly admitted

because, according to the district court, it demonstrated Johnson's "predisposition" to possess child pornography and his "inherent tendency" to commit the crimes charged in the indictment. Johnson argues evidence of propensity to commit acts of a certain type is clearly inadmissible under Rule 404(b), United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997), and the district court's stated basis for admitting the evidence was erroneous and an abuse of discretion. We agree. Rule 404(b) precludes propensity evidence and we see no relevant distinction between it and evidence tending to prove a predisposition or inherent tendency.

Nonetheless, the government contends Johnson has misconstrued the district court's ruling. It argues the court used the words "inherent tendency" and "predisposition" to mean the evidence was relevant to prove Johnson knowingly and intentionally possessed the prohibited material and to disprove any claim of mistake. According to the government, the stories, like some of the images of child pornography found on Johnson's computer, depict acts of violence perpetrated against young girls, and the similarities demonstrate his interest in such materials. In other words, a person who possesses written material of the sort involved here is more likely to knowingly possess or receive child pornography of a similar ilk.

This argument is essentially the same one rejected in United States v. Heidebur. In Heidebur, the defendant was charged with knowingly possessing sexually explicit photographs of his twelve-year-old stepdaughter. Id. at 578. At trial, the government offered testimony from the defendant's wife who stated she caught him alone with the daughter in a locked bedroom just days before discovering the photographs. Id. at 579. The wife testified she accused the defendant of sexually abusing her daughter and he confessed. Id. The government also offered the testimony of an FBI agent who stated the defendant confessed to having sexual contact with his stepdaughter and to taking the sexually explicit photographs. Id. The defendant was convicted, and on appeal argued the district court erred in admitting the evidence under Rule 404(b), because it was improper propensity evidence. The government argued the admission

was proper because "evidence that the defendant had sexually exploited his stepdaughter tends to show that he knowingly possessed explicit photos of her." Id. at 581. At oral argument, the government went even further and argued the evidence was admissible because it was more probable a person who was having a sexual relationship with a twelve-year-old would possess explicit sexual photographs of the child than would someone who was not having such a relationship. Id. at 581 n.4. We rejected the argument, holding: "This . . . is virtually the definition of inadmissible propensity evidence. We cannot see any way in which the defendant's abuse of his stepdaughter is probative of his knowing possession of the photographs, other than by establishing a propensity for these kinds of crimes." Id.

In this case, the government argues Johnson's possession of stories about the rape of young girls proves he is more likely to knowingly possess child pornography because it demonstrates he has a particular "type of interest." We see no difference between the government's failed argument in Heidebur and the argument advanced to this court. Here, the government is also arguing the evidence was admissible because it proves Johnson had a propensity to possess such materials. Moreover, we do not believe the evidence directly rebuts Johnson's claim he mistakenly downloaded the prohibited images. Johnson does not claim the visual depictions found on his computer are not readily identifiable as prohibited child pornography. Rather, he contends he inadvertently downloaded the images while searching for legitimate online material. Offering the stories added nothing to aid the jury in determining whether child pornography could be inadvertently downloaded. Instead, it encouraged the jury to conclude Johnson intentionally and knowingly sought out images of child pornography because he had a propensity to possess such materials. Accordingly, we reject the government's proffered justification for offering the 404(b) evidence.

The government next cites several cases holding Rule 404(b) permits the introduction of evidence showing predisposition. These cases, however, do not support the government's position because in each the defendant asserted an

entrapment defense, and "where a defendant employs entrapment as a defense to criminal liability, prior bad acts relevant to a defendant's predisposition to commit a crime are highly probative and can overcome the Rule 404(b) bar." United States v. Horn, 277 F.3d 48, 57 (1st Cir. 2002) (citation omitted). Here, Johnson is making no claim of entrapment.

There is no dispute Johnson downloaded files containing child pornography onto his computer. Whether he did so knowingly, however, is disputed. The discovery of the two printed stories in his bedroom, other than suggesting he is someone who likes child-related pornography, does nothing to further the government's claim he knew the computer files contained prohibited material. In light of the district court's stated reasons for admitting the evidence, and its instructions to the jury to consider the stories as evidence of Johnson's predisposition and inherent tendency to commit the crimes charged, we conclude it was error to admit the evidence under Rule 404(b).

Despite the district court's abuse of discretion, the government argues any error was harmless.

> Under Rule 52(a) of the Federal Rules of Criminal Procedure, erroneous evidentiary rulings that do not implicate constitutional rights are harmless "if the reviewing court, after viewing the entire record, determines that no substantial rights of the defendant were affected, and that the error did not influence or had only a slight influence on the verdict." In other words, evidentiary error requires reversal "only if the jury may have been substantially swayed by the improperly-admitted evidence."

Heidebur, 122 F.3d at 581 (internal citations omitted).

The government presented evidence tending to show Johnson knowingly possessed and received the child pornography discovered on his computer. The

-8-

evidence, however, was not overwhelming. Johnson argued the files were inadvertently downloaded and the government failed to establish he knew they contained child pornography. In support of his claim, Johnson presented evidence showing the files were downloaded while using an internet-based file-sharing program and were never viewed. Additionally, though Johnson admitted he mistakenly downloaded child pornography on occasion, Herman testified Johnson immediately deleted the material when the content became apparent. Johnson also argued the testimony of his cell mates should be disregarded because it was unspecific and each was a convicted sex offender who testified as part of a deal with the prosecution. Finally, Johnson presented evidence indicating Huston lied to police about his possession of child pornography because the images on the CDs she gave police did not match up with images on his computer, the CDs had been made on a different computer, and Herman testified he did not give the CDs to Houston or tell her Johnson was in possession of child pornography.

To the extent the jury may have harbored doubts about whether Johnson knew the files he downloaded contained child pornography, there was no doubt he knowingly possessed the highly objectionable printed material. A vacillating juror, told to consider the stories as evidence of propensity or inherent tendency, may have concluded Johnson's possession of the stories was sufficient to bridge any doubts about whether he knowingly possessed the child pornography. Because we cannot say the improperly admitted evidence did not influence or had only a slight influence on the verdict, we conclude the error was not harmless. See Heidebur, 122 F.3d at 581 (holding the Rule 404(b) error was not harmless despite uncontested evidence showing the defendant confessed to taking the pictures).

## III

The order and judgment of the district court is reversed and the case is remanded for a new trial.  Because we reverse and remand we need not address Johnson's remaining claims.

_____