# United States Court of Appeals
### For the Eighth Circuit

_____

## No. 18-3711
_____

United States of America

*Plaintiff - Appellee*

v.

Briand Daniel Fechner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 13, 2019
Filed: March 12, 2020

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Briand Daniel Fechner appeals his conviction for transportation of child pornography and receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1), (a)(2), and (b)(1). Fechner challenges the district court's[1] admission

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

of independently downloaded child pornography videos, charts summarizing materials obtained during the investigation, and child erotica images. We affirm.

## I. Background

From September 2014 to March 2015, Agent Chris Thomas of the Iowa Division of Criminal Investigation downloaded child pornography files from a BitTorrent account on two Internet Protocol (IP) addresses associated with Fechner's home. During thirty-six download sessions from Fechner's IP addresses, law enforcement obtained at least 18 videos and 207 pictures of child pornography. In late March 2015, Fechner reset his phone and destroyed all user data. Additional child pornography was downloaded from Fechner's IP addresses in April 2015, including copies of files that law enforcement had previously downloaded from Fechner's IP addresses.

A forensic examination of Fechner's devices showed extensive child pornography downloads and searches, with over 100 items being moved to an SD card in his phone and later deleted. Fechner's IP address download history showed child pornography downloads very early in the morning or late at night. Fechner's phone and SD card contained meta-data evidence that child pornography videos were downloaded, viewed, and deleted from the phone. Although Fechner had deleted the materials, law enforcement was able to recover small sections of video and thumbnail images from the phone. These images and video clips matched the hash values of known child pornography.

At trial, the government used summary demonstrative exhibits to introduce three videos obtained from independent BitTorrent downloads by law enforcement from sites other than Fechner's devices. The actual videos from Fechner's phone and SD card were unplayable because they had been deleted. However, BitTorrent settings saved a thumbnail image to the device when a downloaded video was

opened. These artifacts could be identified by hash value and other information tied to the thumbnails. The demonstrative exhibits showed that the independently downloaded videos matched the names, thumbnail images, and hash values of the unplayable files on Fechner's phone and SD card. The government offered these independent downloads as evidence of child pornography on Fechner's devices. Fechner filed a motion in limine arguing that the videos were inadmissible under Federal Rules of Evidence 401, 403, and 404(b).

Fechner testified that he was a BitTorrent expert and a cell phone "superuser" with full access and control over all user data and applications on his phone. While he admitted to downloading movies, music, and sometimes adult pornography, Fechner claimed that he had not downloaded or shared child pornography on BitTorrent. The government's expert witness explained that the default settings on Fechner's BitTorrent app were changed to increase its sharing capabilities and that materials downloaded from BitTorrent would have had to manually be moved to the phone's SD card.

During Agent Thomas's testimony, the government offered and played six videos containing child pornography. After these videos were played, the government moved to admit exhibit 6, Agent Thomas's summary of the videos files downloaded during his undercover download sessions, under Federal Rule of Evidence 1006. Exhibit 6 included the file name, undercover download date, and a "very, very brief summary" of the videos already played for the jury as well as 16 additional videos that were playable but had not been admitted into evidence. The district court overruled Fechner's hearsay objection and admitted exhibit 6 as a Rule 1006 summary of voluminous records.

The government also introduced images of young girls and women found on Fechner's SD card that the district court described as child erotica. The government asserted that these images were relevant to show Fechner's sexual interest in children

and, based on their presence on the SD card, his knowledge of child pornography also located on the SD card. Fechner moved in limine to exclude these images under Federal Rules of Evidence 401 and 403 as both irrelevant and being more prejudicial than probative. The district court recognized that the possession of the child erotica was not illegal but determined that the evidence was probative to issues of knowledge, motive, and sexual interest in children and was not unduly prejudicial.

The jury convicted Fechner on all counts.

## II. Discussion

We reverse a district court's evidentiary rulings only if they are a clear abuse of discretion that prejudices the defendant. United States v. Keys, 918 F.3d 982, 985 (8th Cir. 2019). We will not overturn a conviction due to cumulative trial errors absent substantial prejudice to the defendant. Id.

### A. Independently Downloaded Videos

Fechner argues that the district court erred when it admitted the independently downloaded child pornography videos. The independently downloaded videos from BitTorrent matched the hash values, name, length, and thumbnail images to unplayable files on Fechner's phone and SD card which demonstrated that they were identical to the deleted files. Fechner alleges that the videos are more prejudicial than probative because they cannot establish that he knew his devices contained child pornography. The government argues that the videos are material to establishing that the unplayable files on the phone contained child pornography and that the matching meta-data makes Fechner's knowledge of child pornography on his phone and SD card more probable than without the evidence.

While child pornography videos are inherently disturbing, Rule 403 prohibits evidence that is unfairly prejudicial, not any evidence detrimental to a defendant's case. United States v. Johnson, 463 F.3d 803, 809 (8th Cir. 2006). Unfairly prejudicial evidence is so inflammatory on its face as to divert the jury's attention from the material issues in the trial. United States v. Betcher, 534 F.3d 820, 825 (8th Cir. 2008). Evidence does not need to be excluded merely because it is disturbing. United States v. McCourt, 468 F.3d 1088, 1092–93 (8th Cir. 2006). We afford the district court broad discretion to admit probative evidence even when prejudicial. United States v. Novak, 866 F.3d 921, 926 (8th Cir. 2017). And we have consistently found no abuse of discretion where a court admits relevant pornographic images. See United States v. Pruneda, 518 F.3d 597, 605 (8th Cir. 2008); see also United States v. Kelley, 861 F.3d 790, 798–99 (8th Cir. 2017).

In McCourt, we concluded that showing a limited number of child pornography videos, of a minimal duration, to the jury was relevant and did not constitute unfair prejudice. 468 F.3d at 1092. Here, like in McCourt, the jury saw only short clips of a few independently downloaded videos. These videos were relevant to establish that Fechner knowingly possessed child pornography. See Novak, 866 F.3d at 925 (finding evidence connecting defendant to external hard drive folders containing child pornography relevant to determine if defendant was guilty of knowing possession of child pornography). Because this evidence goes directly to the issues of the case, it is more probative than prejudicial. The district court did not err in admitting the independently downloaded videos.

*B. Summaries*

Fechner argues that the district court erred when it admitted exhibit 6, a summary of the videos downloaded by Agent Thomas during his undercover investigation, because the summary included brief descriptions of videos that had not been shown to the jury. The government offered exhibit 6 as a summary of

voluminous records under Rule 1006.  Agent Thomas testified that he watched all of the videos and created the summary in part to prevent the jury from having to view all of the pornographic materials.  Fechner's only objection to the Rule 1006 summary at trial was hearsay, and he argues that the summary included evidence not in the record for the first time on appeal.

We will not reverse a district court's decision on the admissibility of summary evidence absent an abuse of discretion.  United States v. Green, 428 F.3d 1131, 1134 (8th Cir. 2005).  Rule 1006 permits the use of "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  Fed. R. Evid. 1006.  Summaries are properly admissible when (1) they fairly summarize voluminous trial evidence; (2) they assist the jury in understanding the testimony already introduced; and (3) the witness who prepared it is subject to cross-examination with all documents used to prepare the summary.  United States v. Hawkins, 796 F.3d 843, 865 (8th Cir. 2015).

Rule 1006 allows for the admission of summaries "when doing so is the only practicable means of making [the content of voluminous evidence] available to the judge and jury."  Id.  Evidence used to create the summary must be made available for examination by other parties, and the court may require the evidence be produced in court.  Fed. R. Evid. 1006; see United States v. Kilpatrick, 798 F.3d 365, 383 (6th Cir. 2015) ("The *point* of Rule 1006 is to avoid introducing all the documents." (emphasis in original)).  The party offering a Rule 1006 summary has the burden of showing that the contents of the summary are admissible.  31 Wright & Miller, Fed. Prac. & Proc. Evid. § 8043 (1st ed.).  Any assumptions or conclusions contained in a Rule 1006 summary must be based on evidence already in the record.  Green, 428 F.3d at 1134.  Summaries properly admitted under Rule 1006 can be treated as evidence and allowed in the jury room during deliberations, but the district court should issue proper limiting instructions.  Id.

Here, exhibit 6 summarized videos which would have been admissible on their own. The summary included the names, the date created, and a brief description of 36 video files downloaded during undercover download sessions. Of these files, 15 stated only that "No video could be played" and 6 were already admitted into evidence. The descriptions in the summary depict what occurred in the video but do not make any conclusions or assumptions about the content. For example, one description states "Depicts a minor female in a swimming suit." Such statements are reports on what was contained in the video, not assumptions or conclusions that would require the evidence being summarized to already be in evidence. See United States v. Adejumo, 772 F.3d 513, 525 (8th Cir. 2014) (finding chart submitted before evidence made assumption that the defendant was the head of the conspiracy). Because exhibit 6 does not make assumptions or conclusions, the evidence summarized within it needed only to be admissible, not already admitted. The district court did not abuse its discretion in allowing the summary.

Even if exhibit 6 had made conclusions or assumptions, "[a]n erroneous evidentiary ruling is harmless if it did not have a substantial influence on the jury's verdict." Hawkins, 796 F.3d at 866 (cleaned up). Based on the record, we cannot say that the inclusion of brief descriptions of downloaded videos substantially influenced the jury's verdict. Prior to exhibit 6's admission, the jury viewed 6 of the child pornography videos included in the summary. Viewing these videos, in addition to the testimony and additional exhibits presented to prove Fechner's guilt, was sufficient to establish that the videos from the undercover downloads contained child pornography. Any additional information gleamed from exhibit 6 was cumulative and did not affect Fechner's substantial rights. Any error from admitting the summary was harmless. See Adejumo, 772 F.3d at 525 (finding improperly admitted summary harmless); see also Hawkins, 796 F.3d at 867 ("Given the strength of [the] evidence and the safeguards that were implemented to minimize the prejudicial effect of [the exhibit's] admission, we cannot say that the district court's evidentiary error had a substantial influence on the jury's verdict." (Internal quotation marks omitted)).

-7-

Fechner also argues that the three summary demonstrative exhibits, or pedagogic devices, are improperly conclusory. The district court has discretion to allow the use of demonstrative exhibits, and we review only if its use "was so unfair and misleading as to require a reversal." United States v. Needham, 852 F.3d 830, 837 (8th Cir. 2017) (internal quotation marks omitted). Fechner asserts that the inclusion of descriptions stating that the videos involve minors engaged in sexual activity and match thumbnails found on his devices make the demonstrative exhibits argumentative and improper. However, the demonstrative exhibits at issue merely provided a visual aid during Agent Thomas's testimony regarding other evidence. The videos described in the demonstrative exhibits were properly submitted into evidence, and the district court did not abuse its discretion by receiving the summary demonstrative exhibits.

## C. Child Erotica Images

Fechner also contends the district court erred in admitting child erotica found on his SD card. He asserts that the images were improper propensity evidence used only to establish that he acted in accordance with his alleged character. The government argues that the images are intrinsic evidence used to provide a total picture of the charged crime. Alternatively, the government argues that the images are proper Rule 404(b) evidence to show motive, knowledge, and lack of accident. The government further asserts that because Fechner had to manually move the images to his SD card, the images evidence his knowledge and ability to place materials on and delete them from the SD card.

We reject the government's argument that the child erotica images are intrinsic evidence inextricably intertwined with the crime charged. See United States v. Heidebur, 122 F.3d 577, 580 (8th Cir. 1997). The existence of the images on the SD card is not "bad acts that form the factual setting of the crime in issue" or that "form an integral part of the crime charged." Id. at 579.

Although not intrinsic evidence, the child erotica images may still be admissible 404(b) evidence. We will reverse the district court's 404(b) ruling only if the evidence clearly has no bearing on the case. United States v. Campbell, 764 F.3d 880, 889 (8th Cir. 2014). "Propensity evidence, whether of a person's general character or examples of specific bad acts, is ordinarily excluded because of the likelihood the jury may misuse it." United States v. Johnson, 439 F.3d 884, 887 (8th Cir. 2006). However, such evidence may still be admitted if it is: "(1) relevant to a material issue raised at trial; (2) similar in kind and close in time to the crime charge; (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act; and (4) its probative value is not substantially outweighed by its prejudicial value." Heidebur, 122 F.3d at 580.

Over 400 child erotica images were found on Fechner's SD card. Testimony at trial established that Fechner's BitTorrent download setting automatically saved downloads onto his phone, not the SD card. To place the items on the SD card, a user would have to manually copy the items from the phone. Because hash values and thumbnail images of deleted child pornography were also found on the SD card, the evidence is relevant to establish that Fechner knew about child pornography on the SD card. The sheer volume of these images that had to be moved manually onto the SD card makes it less probable that Fechner did not know what was on the SD card. The child erotica images are also relevant to establish a motive for possessing child pornography and rebut claims of accident or mistake. See United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir. 2010) (finding the possession of child erotica suggested that the defendant harbored a sexual interest in children and tended to disprove any argument that he unknowingly or accidentally possessed child pornography images); see also United States v. Hansel, 524 F.3d 841, 846 (8th Cir. 2008) (finding possession of child erotica, as part of the totality of the circumstances, can establish probable cause that defendant had child pornography on his computer).

Fechner argues that the potential prejudice and the jury's likelihood to misuse propensity evidence outweigh any probative value. In United States v. Johnson, two pornographic stories found under Johnson's bed were admitted to demonstrate his interest in and predisposition to possess child pornography. 439 F.3d at 886. The court provided a limiting instruction that the evidence could be considered to prove Johnson's "inherent tendency to commit the acts charged in the Indictment." Id. We rejected the government's argument that it was admissible under Rule 404(b), finding that the stories added nothing to determining if Johnson inadvertently downloaded child pornography. Id. at 889.

In United States v. Evans, the district court admitted stories of adult men engaging in sexual acts with minors found on Evans' computer. 802 F.3d 942, 947 (8th Cir. 2015). The court noted that the systematic organization of the stories and images on various hard drives showed "more than sort of a casual attention to these items." Id. On appeal, we determined that the stories' presence in highly organized files by itself did nothing to rebut Evans' argument that a virus was responsible for placing the files on his computer. Id. We noted that the location of the stories plus evidence that Evans had accessed the folder would "tend to suggest Evans was aware of the stories," which would then "tend to refute his defense that he had no knowledge of any inappropriate materials" on his devices. Id. at 948.

The stories in Johnson and Evans were offered solely to establish an interest in young children. No other possibility existed for their usefulness at trial. Here, the child erotica's location in the same place where deleted child pornography hash values were found, and evidence that child erotica had to be manually moved to the SD card, was relevant to the jury's determination of whether Fechner knowingly possessed child pornography. While Fechner argues that the location of the images could not establish knowledge because they were inaccessible after deletion, we have permitted admission of such evidence when the files are inaccessible due to the defendant's action in deleting them. See United States v. Marmon, 674 F. App'x.

600, 602 (8th Cir. 2017) (unpublished). Admission of the child erotica images was permissible under Rule 404(b).

Even if there was error in admitting the child erotica images, it was harmless. While the content of the child erotica may suggest a sexual interest in children, that is not the sole purpose of the evidence. The jury saw only one image and the content of the images was not discussed at length. See Evans, 802 F.3d at 949 (finding the admission of propensity evidence harmless where the jury did not hear the content of pornographic stories and ample properly admitted evidence limited the stories' likelihood of influencing the jury's verdict). Any prejudice that resulted from admission of the child erotica images is harmless.

### D. Jury Instruction

Fechner argues that the district court's limiting instruction regarding child erotica prejudiced him. He asserts that any "standard" instructions given at the end of trial were insufficient to undo the damage. Following presentation of the child erotica images, the court stated:

> Members of the jury, these particular exhibits are not child pornography. They're not admitted for the purposes of – the Government's not seeking a conviction on Counts 1, 2, or 3 based on them. They are offered to show the defendant's interest in young girls and the motivation for committing the crimes set forth in Counts 1, 2, or 3. Use them for any purpose consistent with that that you find helpful.

Although the phrasing of the limiting instruction is not a model of clarity, Fechner did not object to the limiting instruction at trial. Without an objection we review only for plain error. United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011). To obtain relief under plain error, Fechner must show that there was an error, the error was clear or obvious under current law, the error affected his substantial

-11-

rights, and the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. We are reluctant to disturb a conviction based on "a few isolated, allegedly prejudicial comments of a trial judge." Keys, 918 F.3d at 987 (internal quotation omitted). While a more precise instruction would have been desirable Fechner has not shown plain error.

More importantly the district court gave a standard 404(b) instruction as part of the final jury instructions, which we have previously determined cures unfair prejudice. United States v. Adams, 783 F.3d 1145, 1150 (8th Cir. 2015); see also Vosburgh, 602 F.3d at 538 (finding the risk of unfair prejudice from admitting child erotica images low because the district court instructed the jury that the defendant was not on trial for possessing child erotica and the images were not illegal). Fechner has not established that the final jury instructions were insufficient to cure any alleged prejudice. Nor has he shown a violation of his substantial rights or that any prejudice influenced the guilty verdict. See United States v. Carlson, 613 F.3d 813, 820-21 (8th Cir. 2010).

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

KOBES, Circuit Judge, concurring in part and concurring in the judgment.

I join the majority's well-reasoned opinion on all but one issue. The district court erred by admitting non-pornographic images of children found on the SD card. Although the Government argues that these images show Fechner knowingly possessed child pornography, they were admitted as propensity evidence. The district court specifically instructed the jury to consider the images as evidence of "the defendant's interest in young girls and the motivation for committing [his] crimes." This is the same as evidence showing a defendant's "inherent tendency"

-12-

or "predisposition" to possess child pornography. <u>See</u> <u>United States v. Johnson</u>, 439 F.3d 884, 887 (8th Cir. 2006). I concur in the judgment because I agree the error was harmless in light of the "ample properly-admitted evidence that [Fechner] knowingly possessed child pornography." <u>United States v. Evans</u>, 802 F.3d 942, 949 (8th Cir. 2015).

_____