# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2122
_____

United States of America

*Plaintiff - Appellee*

v.

Terrance Nordwall

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Central
_____

Submitted: March 19, 2021
Filed: May 21, 2021
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

A federal grand jury indicted Terrance Nordwall on one count of attempted sex trafficking of children, *see* 18 U.S.C. §§ 1591(a)(1), 1594(a), one count of attempted enticement of minors, *see* § 2422(b), and one count of travel across state lines for the purpose of engaging in illicit sexual conduct, *see* § 2423(b). Before and during trial, Nordwall objected under Federal Rules of Evidence 403 and 404(b) to the admission of four of his internet searches for prurient pictures and videos of

minor girls. At trial, the district court[1] overruled Nordwall's objection and admitted these searches. The jury found Nordwall guilty of all three counts, and the district court sentenced him to 324 months' imprisonment. Nordwall appeals the admission into evidence of these internet searches. We affirm.

## I.

In March and April 2019, Special Agent Scott Beagle was involved in an undercover operation in which he posed as a pimp and posted an ad on a website that facilitates meetings between individuals to have sex. The ad stated, "New girls next week in Twin Cities. Because of ages, I can't post pictures. Serious people only interested in quick, no-BS, discrete encounter." The ad also stated that the girls were nineteen years old and provided a phone number to contact.

Nordwall, who lived in Minnesota, responded to the ad by text message on March 26, 2019. Special Agent Beagle replied, pretending to be the fictitious girls' pimp and telling Nordwall that the girls were actually fourteen and fifteen years old, not nineteen. Two days later, Nordwall messaged Special Agent Beagle that he was wondering what the girls looked like, and Special Agent Beagle responded with a description. Within two hours of this conversation, Nordwall searched Google for "pictures of 15 year old girls." Besides this search, Nordwall also searched Google for "15 year old teen sex video" on March 23, 2019, a pornography site for "Really small and young" on March 31, 2019, and the same pornography site for "Teen creampie" on April 3, 2019.

Nordwall initially scheduled a session with the girls on March 30, which he ended up cancelling and rescheduling for April 5. On April 5, when Nordwall arrived at the prearranged meeting place in Iowa in his truck, law enforcement officers approached him. The officers searched his truck and found condoms, an

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

April 4 receipt from Walgreens that included the purchase of condoms, and an April 4 bank withdrawal receipt for $240. Later, law enforcement conducted a forensic examination of Nordwall's cell phone and discovered the four aforementioned internet searches. Ultimately, Nordwall was indicted for attempted sex trafficking of children, *see* §§ 1591(a)(1), 1594(a), attempted enticement of minors, *see* § 2422(b), and travel across state lines for the purpose of engaging in illicit sexual conduct, *see* § 2423(b).

In opening argument at trial, Nordwall's counsel insinuated that Nordwall's intent in contacting Special Agent Beagle and later traveling to their agreed-upon meeting place was not to have sex with the girls. During the Government's case-in-chief, Nordwall objected to the admission of the four internet searches under Rules 403 and 404(b). The district court overruled Nordwall's objection and concurrently instructed the jury that the searches could not be considered as evidence of Nordwall's propensity to commit the crimes for which he was on trial but only as evidence of Nordwall's intent, knowledge, or state of mind when he committed the offense. Nordwall later testified, stating that his intent in traveling to Iowa on April 5 was either to blackmail Special Agent Beagle, to "save the girls," to approach the media with the story, or to do some combination of these acts. After the close of the evidence, the district court instructed the jury that it could consider the internet searches only as evidence of Nordwall's intent. The jury found Nordwall guilty on all three counts.

## II.

On appeal, Nordwall claims that the district court abused its discretion by admitting the four internet searches in violation of Rules 403 and 404(b) because the internet searches were not probative of the crime charged, had limited relevance, were improper propensity evidence, and were unfairly prejudicial. We review a district court's evidentiary decisions for an abuse of discretion. *United States v. Walker*, 393 F.3d 842, 848 (8th Cir. 2005); *see also* Fed. R. Crim. P. 52(a). Here, the district court did not abuse its discretion in admitting this evidence.

-3-

We begin by considering whether the internet searches were admissible under Rule 404(b). Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But Rule 404(b)(2) permits admission of this evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "We have described Rule 404(b) as a rule of inclusion, meaning that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 860 F.3d 1133, 1142 (8th Cir. 2017) (internal quotation marks omitted). Evidence of prior bad acts under Rule 404(b) is admissible if it (1) is relevant to a material issue raised at trial, (2) is similar in kind and close in time to the crime charged, (3) is supported by sufficient evidence to support a jury finding that the defendant committed the other acts, and (4) does not have an unfairly prejudicial value that substantially outweighs its probative value. *See id.*; *United States v. Anderson*, 879 F.2d 369, 378-79 (8th Cir. 1989) (clarifying that "mere prejudice is not enough"—there must be "unfair prejudice").

Here, all four of these elements were satisfied. First, the internet searches were relevant to a material issue raised at trial: Nordwall's intent when he traveled to Iowa on April 5. Nordwall was charged with, among other things, traveling across state lines for the purpose of engaging in illicit sexual conduct. *See* 18 U.S.C. § 2423(b). For this count, the Government needed to prove that Nordwall traveled "with a motivating purpose of engaging in any illicit sexual conduct with another person." *Id.* At trial, Nordwall's testimony about his intent to blackmail the pimp, save the girls, or turn the story over to the media implied that he had no motivating purpose to engage in sexual conduct with the girls. The internet searches, which showed that Nordwall had a sexual interest in the girls, suggested otherwise.

Second, the evidence was similar in kind and close in time to the crimes charged. Each of the crimes with which Nordwall was charged related to his attempt

to commit sex acts with minor females. The searches were similar to the crimes charged because they showed Nordwall's sexual interest in and desire to commit sex acts with the minor females described by Special Agent Beagle. The searches were also close in time to the crimes charged, occurring in the two weeks prior to April 5. *See United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir. 1992) (holding that a crime that occurred eight months after the crime for which the defendant was being tried was sufficiently close in time to satisfy Rule 404(b)).

Third, Nordwall does not challenge that the searches were supported by sufficient evidence to support a jury finding that Nordwall conducted them. Thus, we assume that they were. *See United States v. Tyerman*, 701 F.3d 552, 563 (8th Cir. 2012).

Fourth, the internet searches did not have an unfairly prejudicial value that substantially outweighed their probative value. The searches were very probative of Nordwall's sexual interest in the minor females described by Special Agent Beagle. This, in turn, was very probative of Nordwall's illicit intent in corresponding with Special Agent Beagle and in traveling to Iowa to meet the girls on April 5—contrary to his trial testimony denying such intent. Furthermore, whatever unfairly prejudicial value this evidence might have had was significantly diminished by the district court's repeated instructions to the jury not to consider this evidence except as permitted by Rule 404(b)(2). *See Johnson*, 860 F.3d at 1143. Thus, any unfairly prejudicial value this evidence had did not substantially outweigh its probative value.

This case is unlike *United States v. Johnson*, 439 F.3d 884 (8th Cir. 2006), on which Nordwall relies. In *Johnson*, at a defendant's trial for receipt and possession of child pornography, the district court admitted evidence that the defendant possessed two fictional stories describing the abduction and rape of children. *Id*. at 885-86. The district court admitted the evidence because the stories showed the defendant's "interest in and predisposition to possess child pornography." *Id*. at 886. We reversed, holding that this was inadmissible because it was admitted solely as propensity evidence. *Id*. at 887. Here, however, the internet searches do not merely

show propensity but also show Nordwall's intent on April 5. Rule 404(b)(2) expressly permits evidence to be admitted to show intent. The district court thus did not violate Rule 404(b) by admitting the searches for that limited purpose.

Nordwall also contends that, even if the internet searches were admissible under Rule 404(b), the district court abused its discretion by failing to exclude this evidence under Rule 403. Under Rule 403, "[t]he court may exclude" otherwise admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." But, as discussed above, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Thus, the district court did not abuse its discretion by failing to exclude this evidence under Rule 403.

For the foregoing reasons, we affirm.

_____